The suit is to recover compensation at the rate of $20 per week for a period of 400 weeks, plus medical expenses of $500, on account of an injury received by the plaintiff on August 26, 1944, which injury is alleged to have caused total and permanent disability. Plaintiff alleged in his petition that while on his way to work and on defendant's premises, he stumbled and fell on a board walk; that in the fall he strained himself and developed incomplete bilateral herniae. There is only one issue in the case, and that is whether or not plaintiff sustained the herniae in the course of his employment with the defendant company. The trial judge found that plaintiff had failed to prove with the required legal certainty that he sustained the herniae in the course of his employment and dismissed his suit. This appeal is from that judgment of dismissal.
Plaintiff testified that while he was going to work just before seven o'clock in the morning and while walking inside the premises of the defendant, he slipped off a walk or ramp and fell on his left hip and bruised his hip and jarred his body all over; that his hat fell off and he dropped his lunch bag. He got up, told his foreman he had gotten hurt and went on to work; that he went to the first aid station in two or three hours of his own accord and reported his injury; that there was a large bruised place on his left hip caused from the fall, and the first aid attendants gave the bruise some heat treatment for about thirty minutes, after which he went back to work. He testified that he told the attendant at the time that he hurt down in his groins, but the man there paid no attention to this complaint. He went back the next two days to the first aid station and was given the same kind of treatment. He continued to work on a painting job, but says that he had some pain in his groins when he would lift or strain while working on the job. He continued to work for the company until May, 1945, when he was let out because of inability to carry on his work. He did not know that he had the herniae until he was examined by Dr. McHugh after he was let out by the company. Dr. McHugh told him he had a herniae on both sides and advised an operation. He was operated on later and one of the herniae was corrected, but he still has a hernia on one side.
Dr. McHugh examined plaintiff shortly after he quit the defendant company, and the doctor found that plaintiff had incomplete bi-lateral herniae, as well as a condition which caused severe constipation, and the doctor performed an operation on plaintiff to relieve the constipation the latter part of August, 1945, and in October following performed an operation to repair the hernia on the left side. Of course, the doctor could not state what caused the herniae, but he did testify that plaintiff told him he thought he received the ruptures while at work for the defendant company. The doctor also stated that the herniae could have been caused by the fall when plaintiff hurt his hip or it could have been caused by straining at stool on account of the constipation.
There is no evidence to show that plaintiff gave any sign of nausea or severe pain in the inguinal regions at the time of the accident, except his own statement that he felt pain in his groins and told the first aid man about it when he went to the station two or three hours after he fell, and told him again when he went to the first aid station the next day. The first aid man denied that plaintiff made any complaint of pain in his lower sides, but only complained of the bruise in his hip for which he was treated. Plaintiff admits that he never told any one about having pain in his groins other than his wife and the first aid attendant and the latter denied that he complained of pain in that region, and his wife never testified in the case. Several men who worked with plaintiff testified that he never complained to them about any accident or pain in his side while working on the job after the accident. Some of these witnesses did hear him tell about falling and hurting his hip, but nothing was said about a rupture or pain in the side.
There was offered and filed in evidence by the defendant a medical report of plaintiff from the time he began working for the company in December, 1943, until he was let out in May, 1945. This report shows that he made complaints of some illness or minor accident several times practically *Page 68 
every month during this entire period covering some eighteen months, and there is no mention in any part of the report of any complaint of pain in the inguinal regions, notwithstanding plaintiff reported about twenty times after he claims to have sustained the herniae. Moreover, there is a report of an examination made of plaintiff by Dr. Furrh in February, 1945, more than five months after he claims to have received the herniae, and this report shows that plaintiff did not have a hernia at that time.
Objection to the admission of these medical reports was made by counsel for plaintiff on the ground that the doctor who identified them did not make the entries and the entries contained hearsay matters, and for the further reason that the doctor who identified the reports and the doctor who made one of the examinations and entries had not recorded their licenses to practice in the parish. These objections were properly overruled.
[1, 2] The evidence shows that the entries were made in the regular course of the business and in carrying out the duties of the employees who made the entries. They were made as a part of the system and custom of defendant's method of transacting business. See 20 Am.Jur. Section 1062, page 908. The medical report of Dr. Furrh was identified by Dr. Allen who recognized the initials placed on the report in the handwriting of Dr. Furrh who died before the case was tried. This report was made by the deceased doctor in the discharge of his professional duties and was admissible in evidence. 20 Am.Jur. p. 887, Section 1047. Moreover, subsection 4 of Section 18 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, provides that the judge shall not be bound by technical rules of evidence in compensation cases, although it is further provided that all findings of fact must be based on competent evidence.
[3] The other objection is based on the ground that these two doctors had not recorded their licenses to practice medicine in East Baton Rouge Parish as required by Section 9 of Act No. 56 of 1914, as amended by Section 6 of Act No. 54 of 1918, and therefore were prohibited from testifying as experts under the provisions of Section 17 of Act No. 56 of 1914. These doctors were not testifying as experts, and the provisions of the above mentioned acts do not apply to the testimony introduced in this case.
[4] The courts have held in many cases that a claim for compensation may be proved by the testimony of the plaintiff alone, but his testimony must not only be reasonable and consistent, but it must also be supported by the surrounding circumstances. In this case plaintiffs testimony is not altogether consistent and reasonable. It is difficult to understand why some one of the employees who were present when plaintiff claims to have sustained the herniae did not know more about his injury and more particularly is it strange that he never told any of his fellow-workers about having pain in his groins. The trial judge did not believe that he told the first aid man about having pain in his side when he reported the injury to his hip. We see no reason to disagree with the trial judge on this finding of fact.
[5] Learned counsel for plaintiff seem to take the position that inasmuch as plaintiff did not have a hernia when he went to work for the company and was found to have a hernia on both sides a short time after he was let out, it follows that he must have sustained the herniae in the course of his employment with the defendant. In support of this argument the two cases of Biggs v. Libbey-Owens-Ford Glass Co., Inc., et al., La. App., 170 So. 273, and Hill v. J. B. Beaird Corporation, La. App., 19 So.2d 295, are cited. A careful reading of these cases convinces us that the testimony and actions of the employees in those cases were more consistent and reasonable than the statements and actions of the plaintiff in the present case. In both of these cases the employee worked for only a few days after the occurrence of the alleged accident which caused a hernia, and the court found that the statement of the claimant was reasonable and consistent, and there were no circumstances to render their statements improbable.
Finding no error in the judgment appealed from, the same is hereby affirmed. *Page 69