Argued August 20, affirmed October 28, 1974

CRISTOFARO, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 85943), *Appellant.*

527 P2d 412

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Allen T. Murphy, Jr.,* Portland, argued the cause for respondent. With him on the brief were Richardson & Murphy, Portland.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

FOLEY, J.

This is an appeal by SAIF from a circuit court judgment affirming the orders of the hearing officer and the Workmen's Compensation Board that the Fund accept claimant's claim as compensable under the Workmen's Compensation Act.

Claimant sustained a heart attack (myocardial infarction) on September 14, 1972, which the hearing officer, Board and trial court found to be work-connected. The State Accident Insurance Fund contends claimant failed to prove the myocardial infarction arose out of and in the course of his employment and that it was error to admit in evidence and consider the report of Dr. Schwartz, who was deceased at the time of hearing. Dr. Schwartz's report was obtained at the instance of SAIF, but was introduced into evidence by the claimant. The Fund's objection to the report is based on its inability to cross-examine the deceased doctor.

Claimant, 46 at the time of his heart attack, had worked 22 years for Crown Zellerbach. He was a supercalendar operator. His employment involved keeping various paperwinding and cutting machines operating. Normal job performance did not place great physical strain on him. However, when a roll of paper broke and the roll became lopsided, additional effort was required on his part. Such a break occurred on September 10, 1972. Plaintiff expended extra effort in attempting to revolve a lop-sided roll (a procedure normally performed by two men) and he suffered pain through his upper chest and into his shoulders. He went to the company nurse and was given antacid pills for indigestion. He continued to have recurrences of chest pains on succeeding days and on September 14, 1972, had trouble driving his automobile to his home. He was taken to the hospital that evening by his son. His family doctor, Dr. Charles M. Hickman, diagnosed a myocardial infarction and had him admitted to the hospital.

Defendant-Fund stipulated that claimant was a hard worker, the sort of person who never relaxes either on or off the job. Also, evidence was that claimant had been put on as relief foreman about three months previously and felt considerable strain as a result of this added responsibility.

The claim was initially accepted by the Fund because its medical director, Dr. Russell Parcher, was of the opinion that claimant's work activities contributed to the infarction. Dr. Parcher later concluded that claimant's work activities did not involve sufficient physical exertion to constitute a material contributing cause to claimant's heart attack. Dr. Parcher

thus reversed his position and the Fund denied the claim.

■ Prior to the Fund's denial Dr. Parcher solicited an opinion as to compensability from Dr. Marvin Schwartz, a specialist in cardiovascular disease. Dr. Schwartz's report, subject of the Fund's first assignment of error, concluded:

> "That the very strenuous efforts made at the time of onset of symptoms played a role in initiating his myocardial infarction is very probable."

ORS 656.310(2) provides for the admission of medical reports "* * * provided that the doctor rendering * * * reports consents to subject himself to cross-examination. * * *"

ORS 656.283 (6) provides:

> "Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

Under the circumstances of this case, we think the admission of Dr. Schwartz's report by the hearing officer was consistent with subsection (6) above and served to permit him to conduct the hearing in a manner which "achieve[d] substantial justice."[1]

---

[1] The hearing officer summed up his basis for admitting the report:

> "Weighing the equities against the background of the Hearings Division's long-established policy of deciding cases upon as complete a record as possible, I conclude that any prejudice to the Fund arising from its inability to cross-examine Dr. Schwartz any further, being highly problematical, is clearly outweighed by the benefit of a more complete record."

Four doctors testified: for claimant, his treating doctor, Dr. Charles Hickman, general practitioner, and Dr. Herbert Griswold, Jr., cardiologist; on behalf of the Fund, Dr. Russell W. Parcher, medical director of the Fund and general practitioner, and Dr. Charles Campbell, Board certified in internal medicine, but not in cardiology.

Dr. Campbell testified that in his opinion physical stress is not a factor in the occurrence of a myocardial infarction. This is contrary to the determination of our Supreme Court in *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969), that exertion or stress due to employment can be a legal causative factor in heart attack cases.[2]

■ Dr. Griswold, the other heart specialist, testified as to medical causation. He believed that claimant's physical stress, coupled with the emotional stress of claimant's working under pressure, set in motion a myocardial syndrome resulting in the myocardial infarction. From this, together with the other evidence, including the opinion of Dr. Hickman that claimant's work activity materially contributed to his infarction, we conclude, as did the hearing officer and the Board, that claimant sustained his burden of proof. We adopt the rationale of the hearing officer in this connection:

"All heart claims are potentially litigable, since the relationship between exertion and the occurrence of a heart attack remains a debatable proposition. However, viewed in one aspect, the within claim presents a classic fact situation favoring compensability. Claimant was subjected to unusual exertion, accompanied by unusual stress. The one element mitigating against compensability, the time

[2] This is what Professor Larson denotes legal causation, 1A Larson, Workmen's Compensation Law 169-70, § 38.83 (1973).

interval between the occurrence of the first symptom and the occurrence of the myocardial infarction, becomes readily explicable in terms of the continuity of the symptoms accompanied by continued work effort and emotional stress. I accordingly find that claimant has sustained the burden of proving a compensable injury."

Affirmed.