680 P.2d 188

**Mary LOW, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Smitty's Super Valu, Respondent-Employer,**

**Smitty's Super Valu, c/o Fred S. James & Company, Respondent-Carrier.**

**No. 1 CA–IC 2933.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 7, 1984.

---

John V. Riggs, Ltd. by John V. Riggs, Phoenix, for petitioner.

Lewis & Roca by Merton E. Marks, Barry Fish, Christine A. Coffey, Phoenix, for respondent-employer and respondent-carrier.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

## OPINION

KLEINSCHMIDT, Judge.

This is a special action review of an Industrial Commission award for scheduled permanent partial disability. The issue presented is whether a permanent shoulder impairment, the rating of which was based solely on restricted arm motion, is a scheduled or an unscheduled disability. Because we find that legally it is an unscheduled disability, we set aside the award.

The petitioner (claimant), a waitress, slipped and fell on her left arm while at work. She dislocated her left shoulder. She was treated by Dr. James Frye, an orthopedic surgeon, until April, 1982, when he discharged the claimant. Dr. Frye's report noted that the shoulder was sensitive, but not especially sore, and made no mention of permanent impairment.

The respondent carrier issued a notice of claim status terminating the claim without permanent impairment as of the date of discharge. The claimant protested, and a hearing was scheduled. On the day of the scheduled hearing, Dr. Frye re-examined the claimant for a disability evaluation.

The claimant and Dr. Frye provided the relevant testimony. The claimant testified that she has constant prickling shoulder pain. She cannot use her left arm without shoulder pain, and this pain is extreme if she completely rotates her arm. She also has slight numbness of her left hand which is brought on when she grips anything with her left hand as when she is driving a car or raking leaves. When Dr. Frye discharged her, she did not return to work as a waitress, but currently works as a convenience store clerk. She avoids lifting, but otherwise is able to do her work.

Dr. Frye testified that the claimant has a 24% permanent left shoulder impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* Because the shoulder controls arm function, the objective effect of this impairment is loss of arm motion in various planes. He also testified that the injury caused scarring to the anterior aspect of the shoulder and that the claimant's complaints of numbness were consistent with her injury and historically related to it. He was not asked if these residuals of the industrial injury caused additional permanent impairment.

The administrative law judge issued the award for scheduled permanent partial disability. She found that the claimant had a

permanent left upper extremity impairment, and applying *Arnott v. Industrial Commission*, 103 Ariz. 182, 438 P.2d 419 (1968), concluded that this was a scheduled disability. The award was affirmed on administrative review, and this special action followed.

On appeal, the claimant argues that *Arnott* was incorrectly applied. For the following reasons, we agree.

■ In *Arnott*, the claimant hurt his back and neck, but the only residual affect was a slight restriction of shoulder motion. He complained of sore throat, trouble swallowing, and neck and shoulder pain. The court rejected his argument that the disability must be unscheduled because the original injury was outside the schedule. The location of the residual impairment, not the location of the original injury, determines whether a disability is scheduled or unscheduled. If this residual impairment affects only a scheduled part, the disability is scheduled. *Arnott v. Industrial Commission, supra.*

The claimant in *Arnott*, however, did not argue that the shoulder was not a scheduled part of the body. The court merely assumed without discussion that a shoulder impairment is included within A.R.S. § 23-1044(B)(21), the schedule for partial loss of use of an arm. Subsequent cases applying *Arnott* to shoulder impairments have made a similar assumption. *See Heredia v. Industrial Commission*, 10 Ariz.App. 507, 460 P.2d 43 (1969); *Pena v. Industrial Commission*, 10 Ariz.App. 573, 460 P.2d 1002 (1969).

This assumption was questioned in *Safeway Stores, Inc. v. Industrial Commission*, 27 Ariz.App. 776, 558 P.2d 971 (1976) which involved a permanent impairment of the rotator cuff, the muscles surrounding the shoulder joint that attach to and move the arm. This impairment caused shoulder pain, but restricted arm mobility was the only objective effect of the pain. The court concluded that the shoulder is a distinct anatomical entity from the arm. Accordingly, the court held that because a shoulder impairment affects an unscheduled

part of the body, the disability was unscheduled.

The respondents try to distinguish *Safeway Stores* and a case on which it relies, *Eggleston v. Industrial Commission*, 24 Ariz.App. 444, 539 P.2d 918 (1975), by observing that both involved fact situations in which the claimant suffered from disabling pain in areas other than the arm. They then go on to say that there is absolutely no medical evidence of disability to any area but the arm. In *Eggleston* the claimant suffered injuries to his chest and shoulder which left him with a chronic shoulder separation. He suffered a loss of function in the arm and he experienced pain in the shoulder and chest. While the opinion in *Eggleston* does not say so precisely, it is apparent from a close reading that the pain in the shoulder and chest was associated with the use of the arm. The same was true in *Safeway Stores*. We are not persuaded that the distinction the respondents want us to draw really exists.

■ While here no doctor testified that the petitioner could not move her arm in certain ways *because of pain in the shoulder* when she tried to do so, the petitioner said that such was the case and it seems plain from the whole record that there was no serious dispute on that point. We think her testimony, together with the doctor's testimony regarding loss of motion, was sufficient to establish that the loss of motion was due to pain in the injured shoulder.

Our conclusion is supported by the supreme court's adoption, in *Smith v. Industrial Commission*, 113 Ariz. 304, 552 P.2d 1198 (1976), of the American Medical Association's definition of "permanent impairment" as "any *anatomic* or functional abnormality or loss after maximal medical rehabilitation has been achieved ...." (emphasis added). There is no question that here there exists an *anatomic* abnormality of the shoulder.

■ In the present case, the uncontradicted medical evidence established that the claimant has a shoulder impairment. Ap-

plying the foregoing analysis, we conclude that her impairment is an unscheduled disability.

Award set aside.

GREER and JACOBSON, JJ., concur.