750 P.2d 28

**Angie E. ALVA, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**The Donut Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. CV–87–0238–PR.

Supreme Court of Arizona, In Banc.

Feb. 2, 1988.

Spencer K. Johnston, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix, for respondent employer/carrier.

Robert T. Wilson, Phoenix, for respondent employer/carrier.

CAMERON, Justice.

## I. JURISDICTION

Angie E. Alva, claimant, seeks review of a court of appeals' decision, 156 Ariz. 82, 750 P.2d 25 (1987), affirming an award of the Industrial Commission of Arizona (Commission). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 23–948.

## II. QUESTIONS PRESENTED

We address the following issues:
1. Does the existence of a prior non-industrial related disability in this case operate to convert what would ordinarily be a scheduled injury into an unscheduled injury?

2. When the residual effects of a compensable injury affect primarily a scheduled portion of the body, but also affect an unscheduled portion of the body, is the claimant's disability scheduled or unscheduled?

## III. FACTS

Claimant sustained an injury to her right wrist during the course of her employment as a waitress with The Donut Company (employer) on 4 September 1979. On 5 October 1984, the State Compensation Fund (Carrier) issued its notice of claim status terminating claimant's temporary compensation and medical benefits effective 1 October 1984. On 16 October 1984, Carrier issued a notice of permanent disability, finding claimant had sustained a 20% permanent scheduled disability to her right upper arm. Claimant timely protested the decision and a hearing was held to determine whether claimant's injury should be classified as scheduled or unscheduled.

Evidence presented at the hearing showed that claimant had a prior amputation of two phalanges of her left little finger when she was four years old. Additionally, medical evidence was introduced, through the testimony of two treating physicians, as to the range of limitation in claimant's right shoulder. Both experts testified that the range of motion was impaired in the shoulder, but to different degrees. The administrative law judge (ALJ) issued an award for a scheduled disability. The award was affirmed on administrative review and by the court of appeals. Claimant petitioned this court for review, and we granted the petition.

## IV. PRIOR NON–INDUSTRIAL DISABILITY

Claimant first contends that her previous non-industrial loss of two phalanges of her left little finger created an unrebutted presumption of an earning capacity disability creating an unscheduled industrial injury pursuant to A.R.S. § 23–1044.

■ This court has previously stated that a preexisting non-industrial injury, which would have been a scheduled injury if it were industrially related, "unsche-

dules" a subsequent industrial scheduled injury if the preexisting injury resulted in an earning capacity disability. *Pullins v. Industrial Comm'n*, 132 Ariz. 292, 294, 645 P.2d 807, 809 (1982). Claimant asserts that this preexisting injury and the rebuttable presumption enunciated in *Pullins* is sufficient to unschedule her latter industrial injury. We do not agree.

We do not believe that any physical impairment, the result of a prior non-industrial accident, is a "previous disability" for the purposes of Paragraph E [A.R.S. § 23–1044] unless there is some evidence, no matter how slight, that it is also an earning capacity disability. To hold that after a non-industrial injury, any physical impairment will convert a second scheduled injury into an unscheduled injury, would, in effect, do completely away with all scheduled injury awards since it is a rare person indeed who does not have some previous physical impairment as a result of some prior injury.

*Alsbrooks v. Industrial Comm'n*, 118 Ariz. 480, 483, 578 P.2d 159, 162 (1978).

We agree with the court of appeals that *Alsbrooks* recognizes a difference between an earning capacity disability and a physical impairment which has no effect on the ability to earn. At one end of the spectrum, cases exist in which it is obvious that a preexisting injury does create an earning capacity disability. *Pullins*, 132 Ariz. at 295, 645 P.2d at 810. However, at the other end of the spectrum, situations exist where a preexisting non-industrial injury does not logically create the existence of an earning capacity loss. *Pullins, supra.*

In the instant case, a review of the record indicates that there is no evidence which would indicate a loss of earning capacity. Based on the facts in the instant case, the court of appeals correctly noted that "common sense dictates that the presumption that a previous non-industrial, scheduled-type injury results in a loss of earning capacity should not apply." *Alva v. Industrial Comm'n*, 156 Ariz. 82, 84, 750 P.2d 25, 27 (App.1987).

## V. RESIDUAL EFFECTS OF INDUSTRIAL INJURIES

The court of appeals decision in affirming the ALJ failed to consider claimant's lack of shoulder mobility. This position is contrary to the rule we recently enunciated concerning a shoulder/arm disability:

In determining whether a disability is scheduled or unscheduled, the combined effects of the original injury on *all* portions of the body should be considered. Pain, swelling, or any other impairment to an unscheduled portion of the body, *if it affects function at all*, transforms a scheduled injury into an unscheduled injury. (Citations omitted)

*Dye v. Industrial Comm'n*, 153 Ariz. 292, 294, 736 P.2d 376, 378 (1987) (emphasis added).[1]

In testifying, both doctors acknowledged some restriction in shoulder movement. Injuries affecting body parts, such as shoulders, not listed on the statutory schedule, A.R.S. § 23–1044(B), entitle the claimant to unscheduled classifications pursuant to A.R.S. § 23–1044(C). *Dye, supra* at 293, 736 P.2d at 377. In reviewing the record, there is evidence that claimant's injury affects her shoulder function. Under the rationale set forth in *Dye*, the decision that the claimant's injury is scheduled is not reasonably supported by the evidence.

## VI. DISPOSITION

The court of appeals opinion is vacated. Award set aside.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

NOTE: Justice JAMES MOELLER did not participate in the determination of this matter.

---

1. It is noted that the Dye opinion was handed down on 24 March 1987 and this case by the court of appeals on 26 March 1987. We assume the court of appeals had not read our opinion when this case was handed down. Of course, the ALJ had not read the opinion when he made his findings and award.