955 P.2d 30

**PFS, Petitioner Employer,**

**Aetna Casualty & Surety Co., Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Marvin J. Gordon, Respondent Employee.**

No. 1 CA–IC 96–0108.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 30, 1997.

Reconsideration Denied Oct. 10, 1997.

Review Denied May 19, 1998.

Teilborg, Sanders & Parks, P.C. by Scott H. Houston, Phoenix, for Petitioners Employer & Carrier.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Thomas C. Wilmer, Phoenix, for Respondent Employee.

## OPINION

FIDEL, Presiding Judge.

■ A disabling industrial injury that would ordinarily be scheduled is unscheduled under Arizona law if the worker already suffers, at the time of injury, from a permanent earning capacity disability. *See* Ariz.Rev. Stat. Ann. ("A.R.S.") § 23–1044(E) (1995); *Ronquillo v. Industrial Comm'n,* 107 Ariz. 542, 543–44, 490 P.2d 423, 424–25 (1971). Further, if a prior Arizona industrial injury resulted in a scheduled award, resulting earning capacity disability is conclusively presumed. *Ronquillo,* 107 Ariz. at 543–44, 490 P.2d at 424–25. We now consider whether this conclusive presumption attaches to a prior *out-of-state* industrial injury that was not the subject of a final judgment or award in the forum state but that would have resulted in a scheduled award if it had occurred

in Arizona. In the underlying proceedings, the Industrial Commission answered that question in the affirmative. We conclude instead that such an injury is entitled only to a rebuttable presumption, and we set the Industrial Commission award aside.

## BACKGROUND

On November 6, 1993, Claimant Marvin J. Gordon, a truck driver for Petitioner PFS, fractured his right ankle when the truck ramp he was standing on collapsed. His claim for workers' compensation benefits was accepted by PFS's insurer, Petitioner Aetna Casualty Surety Company. Eventually Aetna closed the claim with a sixteen percent permanent functional impairment rating and designated the claim for scheduled disability compensation. *See generally* A.R.S. § 23–1044(B)(1995). Claimant requested a hearing, arguing that his current disability should be unscheduled when considered in combination with a permanently disabling prior industrial injury to his right knee.

We may summarize Claimant's prior injury as follows: (1) Claimant sustained a traumatic dislocation of his right patella in 1980 while employed as a truck driver in Oregon. (2) After several months of medical treatment and arthroscopic surgery, he was released to return to work. There is no evidence that the releasing physician evaluated whether Claimant had sustained any permanent functional impairment; nor does the record establish whether the Oregon body that administers workers' compensation ever decided that question. (3) PFS and Aetna nonetheless accept for the purpose of appeal that the 1980 injury left Claimant with a permanent five percent functional impairment of the right lower extremity. They do so on the basis of a current assessment to that effect by Boris Stojic, M.D., a board certified orthopedic surgeon who examined Claimant and reviewed his medical history. (4) The parties dispute whether this functional impairment caused any permanent loss of earning capacity.

The ALJ awarded Claimant an unscheduled permanent partial disability. He did not determine as a factfinder that the prior

industrial injury had in fact caused a permanent loss of earning capacity. Instead, he determined as a matter of law that a conclusive presumption of permanent earning capacity disability attaches to a prior out-of-state industrial injury that would have been a scheduled injury in Arizona.

After exhausting the administrative review process, PFS and Aetna petitioned this court for appellate review. We deferentially review the factual findings of the Industrial Commission, but independently review its legal conclusions. *Anton v. Industrial Comm'n*, 141 Ariz. 566, 569, 688 P.2d 192, 195 (App.1984).

## A CONCLUSIVE OR REBUTTABLE PRESUMPTION?

It is well-established in both law and common sense that successive permanent injuries may produce a total disability greater than the sum of its parts. *See Ossic v. Verde Central Mines*, 46 Ariz. 176, 188, 49 P.2d 396, 401 (1935); 5 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW § 59.00, at 10–492.329 (1997). Arizona case law weaves this truism into a patchwork of precepts and presumptions, several of which are pertinent here:

1. A present industrial injury that would ordinarily be scheduled is unscheduled if the claimant suffers, at the time of injury, from an earning capacity disability. *Ronquillo*, 107 Ariz. at 543, 490 P.2d at 424.

2. The requisite loss of earning capacity need only be minimal and need only constitute a general impairment of earning power, not a specific inability to perform one's former work. *Alsbrooks v. Industrial Comm'n*, 118 Ariz. 480, 484, 578 P.2d 159, 163 (1978).

3. If the prior injury was an *industrial* injury finally determined by the Arizona Industrial Commission to have resulted in a *scheduled* permanent disability, it is *conclusively* presumed to have caused a permanent loss of earning capacity. *Ronquillo*, 107 Ariz. at 544, 490 P.2d at 425.

4. A prior *nonindustrial* injury that would, if an industrial injury, have been scheduled under Arizona law is generally *rebuttably*—not conclusively—presumed to have caused a permanent loss of earning capacity. *Id.; see also Alva v. Industrial Comm'n*, 156 Ariz. 85, 87, 750 P.2d 28, 30 (1988); *Alsbrooks*, 118 Ariz. at 483, 578 P.2d at 162. Certain nonindustrial injuries, however, are of such magnitude as to make the presumption conclusive. *Pullins v. Industrial Comm'n*, 132 Ariz. 292, 295, 645 P.2d 807, 810 (1982) (holding that the Commission committed legal error in finding that preexisting blindness in one eye had not affected the claimant's earning capacity).

5. If a prior *out-of-state* industrial injury resulted in a scheduled award in the forum state, but would have warranted an unscheduled award under Arizona law, the prior injury is also *rebuttably*—not conclusively—presumed to have caused a permanent loss of earning capacity. *Fremont Indemnity Co. v. Industrial Comm'n*, 144 Ariz. 339, 345, 697 P.2d 1089, 1095 (1985).

This case presents an issue that previous decisions have not squarely resolved. If we were confronted with a prior nonindustrial injury of a scheduled type, our decision would be governed by *Alsbrooks* and *Alva*, and only a rebuttable presumption would attach. Similarly, if we were confronted with a prior out-of-state award for an industrial injury of a type that would be unscheduled in Arizona, our decision would be governed by *Fremont*, and only a rebuttable presumption would attach. Instead, however, we are confronted with an out-of-state industrial injury of a type that would be scheduled in Arizona, but that did not result in any proven out-of-state award. No such case has been brought to our attention.

At first glance, the issue before us might seem resolvable by obverting *Fremont*'s holding. Because *Fremont* treats a prior out-of-state industrial injury that would have been unscheduled in Arizona as if it had been unscheduled and accords it a rebuttable presumption, one might infer that we should treat a prior out-of-state industrial injury that would have been scheduled in Arizona as if it had been scheduled and accord it a

conclusive presumption. A missing element, however, prevents the application of this logic.

A central element of *Fremont* was comity—the deference courts of one state owe to final judicial decisions of another. 144 Ariz. at 345, 697 P.2d at 1095. Our supreme court attempted in *Fremont* on the one hand to honor the principle of comity and, on the other, to accept Arizona's designation, rather than another state's potentially different designation, of the kinds of injuries that warrant scheduled compensation. The way to accommodate both considerations, according to *Fremont,* is to accord comity to the other state's determination of "the fact and degree of a prior disability," but to determine the scheduled or unscheduled nature of that disability by reference to Arizona law. *Id.*

Reading *Fremont* in this fashion reveals the missing element in this case. Here, because the fact and degree of prior disability were *not* determined by an out-of-state award, the occasion for comity does not arise. We consider, in short, a prior injury that would have been scheduled if evaluated under Arizona workers' compensation law but that has not been previously evaluated in any final industrial judgment or award. In our view, such a case compares most closely to those involving prior non-industrial injuries that would have been scheduled if evaluated under Arizona workers' compensation law. As such cases qualify only for a rebuttable presumption, we hold that the ALJ erred in applying a conclusive presumption in this case. And as this error was dispositive, we set the award aside.

### CLAIM OR ISSUE PRECLUSION

■ PFS and Aetna do not merely argue for the opportunity to rebut the presumption that the prior injury resulted in an earning capacity disability. They argue that Claimant is wholly barred by claim preclusion (res judicata) from attributing disability to his 1980 injury that he neglected to assert and establish in Oregon when the opportunity arose to do so. PFS and Aetna are mistaken.

■ To begin with, they are mistaken in invoking claim preclusion as they are neither the same party as, nor in privity with, the Oregon employer for whom Claimant worked when he was injured in 1980. A judgment establishes claim preclusion only between parties and their privies. *Scottsdale Mem'l Health Sys., Inc. v. Clark,* 157 Ariz. 461, 466, 759 P.2d 607, 612 (1988); *Owens v. City of Phoenix,* 180 Ariz. 402, 410, 884 P.2d 1100, 1108 (App.1994). They are also mistaken because claim preclusion arises only from a prior judgment. *Circle K Corp. v. Industrial Comm'n,* 179 Ariz. 422, 425, 880 P.2d 642, 645 (App.1993). No evidence of a prior judgment has been presented in this case.

■ The related doctrine of issue preclusion (collateral estoppel) can be defensively asserted by one not a party to the prior judgment. Issue preclusion, however, applies only to issues that were actually adjudicated and resolved in a prior judgment. *Id.* Here, as we have indicated, there is neither evidence that the issue of permanent disability was adjudicated in Oregon proceedings, nor evidence that a final judgment emerged from such proceedings. Neither claim preclusion nor issue preclusion applies.

### CONCLUSION

Neither claim preclusion nor issue preclusion bars Claimant from asserting that his prior knee injury resulted in a permanent loss of earning capacity. Claimant may accordingly advance that argument as a basis for unscheduling his present injury. In doing so, however, Claimant is entitled only to a rebuttable, not a conclusive, presumption that the prior injury caused an earning capacity disability. Because the ALJ erroneously and dispositively extended Claimant a conclusive presumption, the Industrial Commission award is set aside.

PATTERSON and SULT, JJ., concur.