10 P.3d 642

**Sharron R. COULTER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Metwest Medical Lab, Respondent Employer,**

**Home Insurance, Respondent Carrier.**

**No. 1 CA–IC 97–0172.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 14, 2000.

---

Jerome, Gibson, Stewart, Friedman, Stevenson & Engle, P.C. By Joel F. Friedman, Phoenix, for Petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Jones, Skelton & Hochuli By Charles G. Rehling, Phoenix, for Respondents Employer and Carrier.

## OPINION

ACKERMAN, Judge.

¶ 1 Petitioner ("Claimant") seeks Rule 10 special action review of an Industrial Commission of Arizona ("Commission") Award and Decision Upon Review dismissing her Petition to Reopen. Claimant timely filed letters from her treating physician that supported reopening, but her treating physician died prior to the hearing. Because the authoring doctor's death prevented cross-examination, the Administrative Law Judge ("ALJ") ruled that the letters could not be admitted as a matter of law and dismissed the Petition for lack of supporting medical

evidence. We conclude that the ALJ had discretion to consider the report despite the unavailability of cross-examination. We accordingly set aside the Award and Decision Upon Review.

### HISTORY

¶ 2 Claimant fractured her left ankle in 1979 in a non-industrial accident. In 1991, she suffered a compensable industrial injury including a left ankle sprain. The 1991 claim was closed without permanent impairment.

¶ 3 In 1994, Claimant filed a Petition to Reopen her claim, alleging a new or additional condition related to her 1991 industrial injury. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 23-1061(H) (Supp.1999); *e.g., Sneed v. Industrial Comm'n*, 124 Ariz. 357, 359, 604 P.2d 621, 623 (1979). In support of the Petition, Claimant submitted two letters by her treating orthopedic surgeon, Howard P. Aidem, M.D. The first, addressed to another of Claimant's doctors, recapitulated the history of the fracture and subsequent industrial injury, summarized Dr. Aidem's examination and X-ray findings, diagnosed degeneration of the left ankle joint, and recommended a fusion. The second, addressed to Claimant's attorney, stated that the "ankle degenerative process for which a fusion is indicated ... appears to be reasonably related to her work related injury and I can testify to this with certainty."

¶ 4 Respondent Carrier ("Home") referred Claimant for an independent medical examination by Douglas Kelly, M.D. Dr. Kelly apparently agreed that Claimant suffered from degeneration of the ankle joint and needed a fusion, but concluded that her condition was not related to the 1991 injury. Home timely requested subpoenas for Dr. Kelly and for Dr. Aidem. *See* Ariz. Admin. Code ("A.A.C.") R20-5-141, 155(C)-(D) (Supp.99-3).

¶ 5 Dr. Aidem responded to Dr. Kelly's report in a letter reiterating his opinion that Claimant's condition was related to her 1991 industrial injury. Dr. Aidem stated that his opinion was based substantially on Claimant's history and that he found Claimant credible. Claimant timely filed this letter. *See generally* A.A.C. R20-5-155 (Supp.99-3).

¶ 6 Illness prevented Dr. Aidem from appearing to testify, and the ALJ placed the case on the inactive calender. Dr. Aidem subsequently died.

¶ 7 The ALJ notified the parties that "In view of Dr. Aidem's death, I see no alternative to entering an award denying applicant's Petition To Reopen." Neither party responded within the time provided and the ALJ issued an award dismissing Claimant's Petition to Reopen. The ALJ ruled:

> Because of the death of Dr. Aidem, applicant does not have medical evidence to support the Petition to Reopen she filed in 1994 and her Petition to Reopen and Request for Hearing must be dismissed. This is, of course, without prejudice to any further petition or petitions applicant might choose to file.

¶ 8 The same day that the award was entered, Claimant submitted a letter belatedly objecting to the ALJ's earlier notice. Claimant asserted that Dr. Aidem's timely filed "office notes ... are exempt from the rule otherwise prohibiting reliance on hearsay evidence." Claimant stated she had a new treating physician, Dr. Mallin, but argued that the ALJ should decide the issue based on Dr. Aidem's letters and Dr. Kelly's testimony.

¶ 9 The ALJ treated this letter as a request for review. *See* A.R.S. § 23-943 (1995). Home did not respond. *See id.* § 23-943(A) (stating that failure to respond will not be deemed admission against interest). The ALJ summarily affirmed the award.

¶ 10 Claimant timely filed this Rule 10 special action. *See* Ariz. R.P. Spec. Act. ("R.P.S.A.") 10. We have jurisdiction under A.R.S. § 12-120.21(A)(2) (1992) and § 23-951(A) (1995).

### DISCUSSION

¶ 11 The ALJ appears to have concluded that Home's inability to cross-examine Dr. Aidem precluded use of his reports as a matter of law. We review this legal conclusion *de novo*. *See PFS v. Industrial*

*Comm'n,* 191 Ariz. 274, 277, 955 P.2d 30, 33 (App.1997).

¶ 12 An ALJ "is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure," but must conduct the hearing in a manner that achieves "substantial justice." A.R.S. § 23-941(F) (1995). Under this standard, the ALJ may not only admit hearsay, but also may rely solely on hearsay to support an award. *See Reynolds Metals Co. v. Industrial Comm'n,* 98 Ariz. 97, 101–103, 402 P.2d 414, 417–18 (1965).

¶ 13 As part of the statutory mandate of "substantial justice," however, Arizona courts have carefully guarded a party's right to cross-examine the author of any document that the ALJ considers as substantive evidence. *See Schnatzmeyer v. Industrial Comm'n,* 78 Ariz. 112, 114, 276 P.2d 534, 535 (1954) (an opponent has a right to cross-examination "by decision of this court if the commission is to use as evidence reports of investigators and doctors or ex parte affidavits"); *Obersteiner v. Industrial Comm'n,* 161 Ariz. 547, 549, 779 P.2d 1286, 1288 (App. 1989) ("The right to cross-examination is fundamental and attaches when the Industrial Commission receives any testamentary or documentary evidence."); *Division of Fin. v. Industrial Comm'n,* 159 Ariz. 553, 556, 769 P.2d 461, 464 (App.1989) ("The right of cross-examination is necessary for substantial justice."); *Jones v. Industrial Comm'n,* 1 Ariz. App. 218, 222, 401 P.2d 172, 176 (App.1965) ("where the Commission uses evidence, testimony, reports, documents, affidavits or any matter which may appear in the file upon which to base an award, there must be full and complete opportunity on the part of the parties to cross-examine"); *see also* 7 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 127.11[3][a]-[b], at 127–47 (2000) (characterizing the right of cross-examination as rule of evidence protecting elementary fair play).

¶ 14 There are some exceptions. "As a general rule, an administrative law judge may deny a timely subpoena request if the expected testimony would not be material or otherwise necessary." *Hughes v. Industrial Comm'n,* 188 Ariz. 150, 152, 933 P.2d 1218, 1220 (App.1996). The right may also be waived. *See Davis v. Industrial Comm'n,* 103 Ariz. 114, 116–119, 437 P.2d 647, 649–52 (1968) (party must specifically identify witness desired for cross-examination or the right is waived).

¶ 15 The cases requiring the ALJ to allow cross-examination all involved situations in which the authoring doctor was readily available to testify. *See Schnatzmeyer,* 78 Ariz. at 114, 276 P.2d at 535; *Obersteiner,* 161 Ariz. at 548, 779 P.2d at 1287; *Division of Fin.,* 159 Ariz. at 553–55, 769 P.2d at 461–63; *Jones,* 1 Ariz.App. at 220–21, 401 P.2d at 174–75. We have found no Arizona case considering a report by a doctor now unavailable for cross-examination because of death. Thus, we conclude that the admissibility of such evidence in Industrial Commission proceedings is unsettled under Arizona case law.

¶ 16 Although the right to cross-examination in Industrial Commission proceedings stems from the statutory standard of "substantial fairness," the right is subject to reasonable procedural rules. *See Scheytt v. Industrial Comm'n,* 134 Ariz. 25, 28, 653 P.2d 375, 378 (App.1982). The Commission's rules, however, also fail to address this situation squarely. The rules generally provide that the Commission may consider timely filed medical reports and documents that are in the Commission's claim file. *See* A.C.C. R20–5–155(A) (Supp.99–3). They provide that parties desiring to cross-examine the author of a document may request a subpoena, but do not address the admissibility of the report if the subpoena would be futile. *See* R–20–5–155(C). The rules preclude use of the report of an out-of-state doctor unless the proponent makes the doctor available for cross-examination or deposition, *see* A.A.C. R20–5–141(D), but have no such provision for in-state doctors. We conclude that the Commission's rules also fail to address the present situation.

¶ 17 Claimant argues, and Respondent Employer seems to agree, that Dr. Aidem's report would be admissible in superior court proceedings, despite the unavailability of cross-examination, under exceptions to the hearsay rule. *See* Ariz. R. Evid. 803(4)

("Statements for purposes of medical diagnosis or treatment"), 803(6) ("Records of regularly conducted activity"); *In re Juvenile Action No. J–75482*, 111 Ariz. 588, 592, 536 P.2d 197, 201 (1975); *Borja v. Phoenix Gen. Hosp., Inc.*, 151 Ariz. 302, 305, 727 P.2d 355, 358 (App.1986); *see also McCormick On Evidence* § 277, at 246 (John W. Strong ed., 4th ed. 1992) ("McCormick"); 5 Jack B. Weinstein & Margaret A. Berber, *Weinstein's Federal Evidence* § 803.11[7][a], at 803–76 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) ("Weinstein"). Indeed, even where a criminal defendant has a constitutional right to "confront" adverse witnesses, documentary evidence may be admitted under exceptions to the hearsay rule without the opportunity to cross-examine the author. *See State v. Edwards*, 136 Ariz. 177, 181, 665 P.2d 59, 63 (1983); *United States v. Miller*, 830 F.2d 1073, 1077–78 (9th Cir.1987). Under the hearsay rule, the trial court retains the power to exclude evidence that is unreliable or to condition admission on providing the witness for cross-examination. *See* McCormick, § 277 at 248; Weinstein, § 803.11[7][a], at 803–76; *United States v. Casoni*, 950 F.2d 893, 896–97, 908–14 (3d Cir.1991).

¶ 18 These authorities highlight an anomaly under the strict view of admissibility adopted by the ALJ: Some documents would be excluded from Commission proceedings by the cross-examination rule but would be admissible in court under the presumably "stricter" legal rules of evidence. This result appears contrary both to the purposes of the relaxed standards of evidence in Commission proceedings and to the "substantial fairness" statute.

¶ 19 Other states addressing this issue have given the administrative judge discretion to admit the report of a deceased doctor under appropriate circumstances. *See, e.g., Hercules, Inc. v. Walters*, 434 So.2d 723, 725–27 (Miss.1983); *Cascio v. Standard Oil Co. of N.J.*, 32 So.2d 66, 68 (La.Ct.App.1947); *Cristofaro v. State Accident Ins. Fund*, 19 Or. App. 272, 527 P.2d 412, 413–14 (1974). For example, in *Hercules*, the administrative judge admitted a medical report although the authoring doctor had died and was not available for cross-examination. The Supreme Court of Mississippi held that the report would be admissible in court under the rules of evidence and that admission was therefore consistent with the non-technical standards for administrative proceedings. *See Hercules*, 434 So.2d at 727 ("We hold that the report of Dr. Ross was competent evidence as an exception to the hearsay rule."); *see also Cascio*, 32 So.2d at 68 (report of deceased doctor admissible in commission proceedings under the business records exception to hearsay rule); *Cristofaro*, 527 P.2d at 413 (affirming admission of deceased doctor's report under a statute requiring that Commission proceedings be conducted to achieve "substantial justice").

■■ ¶ 20 We believe that the "substantial justice" standard of A.R.S. § 23–941(F) is inconsistent with any rule that would automatically preclude use of a report where the author is unavailable for cross-examination. Although the Commission is not bound by the formal hearsay rule and its exceptions, the policies embodied in those rules are relevant considerations in Commission proceedings. We believe that, under the standard of "substantial justice," the Commission has discretion to allow documents into evidence under appropriate circumstances when the author is unavailable for cross-examination.

■ ¶ 21 In exercising this discretion, the Commission should be guided by the same policies that underlie the rules of evidence. The Commission or ALJ should consider the reliability of the evidence, its importance, the reason for the author's unavailability, the availability of similar evidence that would preserve the right of cross-examination, the importance of cross-examination, and any other factors that may affect the analysis of "substantial justice." The right of cross-examination is important and must be given due weight. As shown by the many exceptions to the hearsay rule, however, there are times when justice is better served by admission, not exclusion.

■ ¶ 22 We do not hold that Dr. Aidem's report should or should not have been admitted. That determination is for the ALJ. If Claimant's new treating doctor could

provide similar evidence with the safeguard of cross-examination, then it may well be appropriate to exclude Dr. Aidem's report in favor of Dr. Mallin's testimony. On the other hand, if no one can supply equivalent testimony and Dr. Aidem's statements appear reliable, it may be that admission of those reports will best serve the interest of justice. We leave this decision to the sound discretion of the ALJ.

## CONCLUSION

¶ 23 Under the circumstances of this case, we conclude that the ALJ abused his discretion by excluding Dr. Aidem's report without a consideration of whether its admission would be consistent with substantial justice.

*See Unisource Corp. v. Industrial Comm'n,* 184 Ariz. 451, 455, 909 P.2d 1088, 1092 (App. 1995) (failure to recognize and apply discretion is an abuse of discretion). We accordingly set aside the Award and Decision Upon Review.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and NOEL FIDEL, Judge.