499 P.2d 759

TRAVELERS INSURANCE COMPANY and Power Line Erectors, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Cyril Carr, Respondent Employee.

No. 1 CA–IC 708.

Court of Appeals of Arizona, Division 1, Department B.

July 27, 1972.

Rehearing Denied Aug. 24, 1972.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Joseph L. Moore, Phoenix, for petitioners.

Gorey & Ely, by Stephen L. Weiss, Phoenix, for respondent Employee.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

JACOBSON, Judge.

This appeal by way of a writ of certiorari deals with the question of whether an untimely denial of the opportunity to depose a medical witness requires setting aside the award.

The respondent, Cyril Carr, suffered an industrial injury in May 1967, when the truck he was driving for his employer, Power Line Erectors, ran off the side of the road after an unsuccessful attempt to negotiate a turn. Carr filed a claim for benefits which was accepted by Power Line Erectors' insurance carrier, petitioner Travelers Insurance Company (Travelers). In May 1968, the Industrial Commission issued an award for temporary disability and the claim was closed.

In August 1970, Carr filed a petition to reopen his claim based on previously undiscovered evidence which Travelers denied pending further investigation. Carr then filed a request for a hearing. In February 1971, and prior to the hearing set for April, Travelers requested permission from the hearing officer to take the deposition of an out-of-state physician, who had treated Carr after the claim was closed. Carr objected, and in the latter part of February the hearing officer ordered that the matter was taken under advisement. Not until the conclusion of the hearing on April 13, 1971, after all the evidence had been received, did the hearing officer rule on petitioners' motion to depose by denying the same.

The hearing officer issued an award reopening the claim, which was affirmed by the Industrial Commission. Petitioners have appealed from that award.

Petitioners' basic contention is that the hearing officer failed to follow Rule 43, Rules of Procedure Before the Industrial Commission, thus effectively depriving them of the opportunity to obtain potentially material evidence. The pertinent portion of Rule 43 provides as follows:

"(C) If objections to the taking of the oral deposition are filed with the presiding hearing officer . . . the presiding hearing officer shall rule on the objections within ten (10) days after the filing of the objections. The taking of the oral deposition shall be held in abeyance pending the ruling of the presiding hearing officer. The presiding hearing officer shall either order the deposition to proceed, order that the deposition not be taken, or enter such other protective order as may be appropriate."

To put petitioners' argument into proper focus, it is necessary to review the facts leading up to the discovery request. In April 1970, Carr entered the Mayo Clinic in Rochester, Minnesota, because of continued pain and discomfort which he thought were caused by the 1967 accident. He was there examined by Dr. E. W. Johnson, an

orthopedic surgeon, who summarized his findings as follows:

"On the basis of Mr. Carr's symptoms, the x-ray changes and his reduced motion of both the cervical and lumbar spine, I felt he had a twenty percent impairment of the entire spine. He was dismissed from our care on April 17, 1970, at which time it was suggested that *he return to some type of light work* that his back would tolerate." (Emphasis added.)

The above excerpt is from a report which was sent to the Industrial Commission and placed in Carr's file. It is unknown how Dr. Johnson's report came to be in the Commission file, both parties denying any knowledge of the matter.

In any event, Carr's petition to reopen filed in August 1970, stated that he had gone to the Mayo Clinic and that examinations revealed "fractures and permanent injury that prevent me from doing any construction work." In December 1970, Carr was examined by Dr. B. L. Gregory, a local osteopath. The doctor's written report stated that "the patient went to Mayo Clinic in April 1970, at which time he learned he had sustained a broken back at the time of the 1967 accident." Dr. Gregory concluded his report by stating:

"It is my opinion, after review of current x-rays taken at this time, and the examination of the patient, he represents an intercostal neuritis at 7, 8 & 9 secondary to *compression of the 7, 8 & 9 thoracic vertebrae.*" (Emphasis added.)

Faced with the apparent inconsistencies between what Carr told Dr. Gregory concerning the Mayo Clinic's diagnosis, Dr. Gregory's report and the report of Dr. Johnson—a broken back[1] as compared to a twenty percent impairment of the entire spine—it is obvious why petitioners wanted to depose Dr. Johnson.

Counsel for respondent, in objections to petitioners' motion to depose, stated that

there was no need to incur the "great expense"[2] involved in deposing Dr. Johnson, and the applicant would authorize Travelers to write to Dr. Johnson in order to clarify his x-ray findings. In addition, respondent's counsel stated that Dr. Johnson's report was not being relied upon by the claimant and that he was willing to withdraw the report from the file, reasoning that the Mayo Clinic report was merely cumulative.

At the conclusion of the hearing, the hearing officer stated that it would be "superfluous, unnecessary and cumulative to even" consider the report. The hearing officer decided that since the report was not considered, there was no need to examine or cross-examine in relation to its contents and therefore Travelers' motion to depose was denied.

We note initially that the Industrial Commission is vested with the sound discretion to regulate and control the witnesses appearing before it, and its award will not be disturbed by an appellate court for mere procedural errors. However, how and when such discretion is to be exercised, at least as concerns the taking of depositions of out-of-state witnesses, has been determined by the rules of the Commission and the hearing officer may not arbitrarily disregard those rules if to do so prejudices a party. Polston v. Industrial Commission, 13 Ariz.App. 291, 475 P.2d 950 (1970); Pauley v. Industrial Commission, 10 Ariz.App. 315, 458 P.2d 519 (1969); Walker Mining Co. v. Industrial Accident Commission, 35 Cal.App.2d 257, 95 P.2d 188 (1939). By failing to rule on the motion to take the deposition as required by Rule 43(c), the hearing officer precluded petitioners from pursuing other avenues available to counsel to obtain admissible evidence. That prejudice flowed from this refusal is obvious, for it precluded petitioners from procuring testimony which would have clarified the inconsistency be-

1. A compression of the 7th, 8th, and 9th thoracic vertebrae is loosely known in lay terminology as a broken back.

2. If the cost of taking out of state depositions is burdensome to a claimant, the

hearing officer has the power to enter protective orders in the form of cost apportionments or taking of interrogatories. *See* Commission Rules 43 and 44.

tween Dr. Johnson's report and Dr. Gregory's subsequent findings. It is possible that Dr. Johnson would testify that at the time he examined Carr, he did not have a broken back, thus casting serious doubts on the causal relationship of the previous industrial injury to the present complaint. On the other hand, the doctor may clarify his findings and concur precisely with Dr. Gregory's results. In any event, the relevancy of this type of testimony is obvious, especially in a hearing to re-open filed over three years after the initial injury. In our opinion, the hearing officer's failure to timely rule on petitioners' motion to obtain this testimony was prejudicial to them.

Having determined that petitioners were prejudiced by the hearing officer's failure to timely rule on their motion, were the reasons advanced by the hearing officer for ultimately denying the request valid? We believe not.

The fact that the claimant is not relying on such evidence is immaterial. To prevent petitioners from exercising a valid right to discovery because the claimant was not relying upon Dr. Johnson's report or that the report was not considered as evidence in the case is to misconstrue completely the reasons for discovery. "The whole object of discovery is that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Simpson v. Heiderich, 4 Ariz.App. 232, 236, 419 P.2d 362, 366 (1966). Thus both sides must be afforded the opportunity of discovery to insure such "mutual knowledge". There is no doubt that the information which petitioners sought to obtain by deposing Dr. Johnson, being a treating physician of the claimant, was reasonably calculated to lead to the discovery of admissible evidence. Whether that evidence would be beneficial or detrimental to the claimant's case is the purpose of discovery and the respondents' failure to call Dr. Johnson as a witness cannot preclude the petitioners from so calling him or ascertaining at least what his testimony might be. Likewise, the fact that the hearing officer did not consider the report of Dr.

Johnson in arriving at his decision has no bearing on whether petitioners should be allowed to at least present this testimony if they so desire and urge its materiality.

Although the Industrial Commission is not bound by the same technical rules of procedure as is the superior court, Transcontinental Bus System v. Industrial Commission, 71 Ariz. 209, 225 P.2d 701 (1950), it nevertheless must still observe the same fundamental principles of justice as do other adjudicatory tribunals. Mutual Benefit H. & A. Assn. v. Neale, 43 Ariz. 532, 33 P.2d 604 (1934).

Having determined that the failure to timely rule on petitioners' motion to depose was prejudicial error, we hold that the petitioners did not receive a fair and adequate hearing and the award must be set aside. International Metal Prod. Div. of McGraw-Edison Co. v. Industrial Commission, 99 Ariz. 73, 406 P.2d 838 (1965).

Award is set aside.

HAIRE, C. J., Division 1, and EUBANK, J., concur.