653 P.2d 375

Elfreada N. SCHEYTT, Petitioner Employee,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Southwest Vacuum Devices, Inc. of Tucson, Respondent Employer,

Mission Insurance Company, Respondent Carrier.

No. 1 CA–IC 2644.

Court of Appeals of Arizona, Division One, Department C.

Aug. 31, 1982.

Rehearing Denied Oct. 6, 1982.

Review Denied Oct. 26, 1982.

Tretschok, McNamara & Clymer, P.C. by Dale D. Tretschok, Tucson, for petitioner.

Everett, Bury & Moeller, P.C. by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent, Indus. Com'n of Ariz.

## OPINION

HAIRE, Judge.

The dispositive issue in this review of a workman's compensation award is the petitioning employee's contention that the administrative law judge committed error in refusing to give her the opportunity to cross-examine two medical experts whose report constituted a substantial part of the basis for the judge's award.

Pursuant to the request of the petitioning employee (claimant), a hearing had been scheduled to determine whether claimant had sustained a compensable injury. Claimant's theory was that she had suffered a gradual injury resulting from the repetitive stressful use of her hands and legs while engaged in "spot welding" electrical components for her employer. Her medical expert, Dr. Gerrit Dangremond, was of the opinion that these activities had caused sufficient aggravation of claimant's underlying condition so as to require medical treatment and, in addition, so as to cause at the minimum claimant's temporary disablement. On the other hand, the respondent carrier and employer's medical experts were essentially of the opinion that claimant had suffered no injury, gradual or otherwise; that claimant's underlying physical condition had not been affected by her employment activities; and that the facts simply reflected a situation where claimant's physical condition was such that she could no longer perform the activities involved in her employment without evoking a pain response.

Prior to the scheduled hearing, subpoenas had been timely requested and issued for the claimant's expert, Dr. Dangremond, and for Dr. Warren D. Eddy, Jr., an expert medical witness for the respondent carrier and employer. Seventeen days before the scheduled hearing, the respondents submitted to the hearing judge a group medical consultation report supporting the position taken by them. This group consultation report was signed by Doctors John P. Utz, Warren D. Eddy, Jr., and Paul H. DeVries. Claimant immediately objected to the untimely submission of this report,[1] and

1. Rule 55(A), Rules of Procedure before the Industrial Commission (A.C.R.R. R4–13–155(A)), provides:

"If medical reports or hospital records sought to be relied upon by any or all of the parties are not contained in the Commission's claim file prior to filing of the request for hearing, the same shall be filed at least twenty-five (25) days prior to the date of any first scheduled hearing, and copies shall be provided to all other interested parties or their authorized representatives. Any report or hospital record not so submitted shall not be received in evidence and if such report or record has been placed in the claims file, it shall be removed and returned to the party submitting it. The effect of this rule may be suspended in the sound discretion of the presiding hearing officer. The party filing a medical report or hospital record pursuant to this rule shall contemporaneously record his identity and proof of service of copies."

further requested the opportunity to cross-examine Doctors Utz and DeVries should the report be accepted. In a rather cryptic letter, the administrative law judge rejected claimant's objection to the untimely submission of the report and, additionally, refused to subpoena Doctors Utz and DeVries, stating: "[B]e advised subpoenaing only one [Dr. Eddy] of a group of doctors who all say the same thing is the long established procedure in these matters."

At the subsequent hearing the administrative law judge heard the testimony of Dr. Dangremond on behalf of the claimant, and Dr. Eddy on behalf of the respondents, and also considered the group consultation report. The judge then issued his decision and award in which he concluded that claimant was not entitled to workman's compensation benefits because she had not sustained any injury arising out of and in the course of her employment. In resolving the medical conflicts in favor of the respondents, the judge placed great significance upon the cumulative weight represented by the combined expertise and long experience of the three medical experts whose opinions were stated in the group consultation report. Thus, in finding number 9 the judge stated:

"H. Robert Baker, M.D.,[2] testified to being a member of a three doctor group consultation board *which combined his 30 years of orthopedic surgery board certification with that of another long time board certified orthopedic surgeon Paul H. DeVries, M.D., and that of a board certified specialist in physical medicine and rehabilitation, namely, John P. Utz, M.D. This very qualified group of examining doctors* all being board certified in their injury relevant fields, thoroughly studied all medical evaluations to January 12, 1981 made, discussed the problem in detail with the applicant and conducted extensive testing of every phase of possible contended injury. *Based on that*

their combined expertise *drafted the following evaluation:

" 'Impression: I. Osteoarthritis of DIP joints of second and third digits, right hand.

" 'DISCUSSION: It is the feeling of the undersigned after examination of Mrs. Elfreada Scheytt in group evaluation on January 12, 1981, that there is nothing in the history to indicate she sustained an industrial injury and nothing in the physical examination to indicate objective findings of physical impairment. We find no condition which requires treatment or impairs this lady from employment at Southwest Vacuum. Thank you.' " [Emphasis added.]

Additionally, this reliance on the cumulative aspect of the medical evidence is again apparent in finding number 11:

"In the instant case, to the extent conflict exists in the medical opinion of record, it is resolved by adopting the opinions of the three board certified medical specialists in those fields of medical expertise directly related to the type of alleged injury suffered by the applicant herein which comprised the group consultation examining physicians, namely, Dr. John P. Utz, Dr. Warren D. Eddy and Dr. Paul H. DeVries."

Finally, in finding number 12, the administrative law judge again displays his reliance upon the weight of the evidence inherent in the combined expertise represented in the group consultation report:

"Recognizing the Arizona Law that the applicant has the burden of showing her entitlement to compensation by a preponderance of the evidence, *Nye v. Industrial Commission,* 5 Ariz.App. [165, 424 P.2d 207; *Linn v. Industrial Commission* 10 Ariz.App.] 571, 460 P.2d 677 (1969) it is felt by the file herein which documents the carrier's denial of this claim plus resolution of the medical conflict by adoption

---

Apart from the cross-examination issue, it is our opinion that the administrative law judge did not abuse his discretion in allowing the untimely filing of the consultation report.

2. The administrative law judge's use of Dr. Baker's name is an obvious mistake, since the record clearly discloses that the testifying physician from the group consultation board was Dr. Warren D. Eddy, Jr.

as more logical the expert medical testimony of the above-named *group consultation board whose dealings in their long practiced board certified medical specialties of orthopedic surgery and physical medicine* show no job related causation, the applicant has not met and carried the burden of proving all the elements of her claim as noted above, nor had the medical evidence established the causal relationship, as shown to be necessary set forth above. *Books v. Industrial Commission,* 92 Ariz. 302, 376 P.2d 769 (1962)." [Emphasis added.]

◼ Claimant contends that under these circumstances the administrative law judge's refusal to issue subpoenas for Doctors Utz and DeVries for the purpose of allowing her an opportunity to cross-examine these co-authors of the group consultation report constituted error, and that consequently the award must be set aside. In support of the administrative law judge's ruling on this issue, the respondents urge that the administrative law judge has discretion to refuse to issue subpoenas for medical witnesses where it appears that the testimony of the requested witness would be redundant and therefore unnecessary to a resolution of the medical issues. While the discretion of the administrative law judge is quite broad in that regard, *see e.g., Reinprecht v. Industrial Commission,* 27 Ariz.App. 7, 550 P.2d 654 (1976); *Pauley v. Industrial Commission,* 10 Ariz.App. 315, 458 P.2d 519 (1969), it is our opinion that such discretion cannot be exercised so as to deny a party's timely exercised request for an opportunity to cross-examine a witness who has given material evidence in the proceeding. *Polston v. Industrial Commission,* 13 Ariz.App. 291, 475 P.2d 950 (1970); *Jones v. Industrial Commission,* 1 Ariz.App. 218, 401 P.2d 172 (1965); *Reinprecht v. Industrial Commission, supra.* Here, by virtue of the submitted (and accepted) medical consultation report, Doctors Utz, Eddy and DeVries became respondents' witnesses in this proceeding. Such being the case, the claimant could not be denied an opportunity to cross-examine each of them.

◼ Although we hold that this right of cross-examination exists independently of any provisions of the Commission's rules, it is our opinion that the Commission's rules, which authorize the submission of medical reports for evidentiary purposes prior to scheduled hearings, also grant this right. Rule 55(C) (A.C.R.R. R4–13–155(C), expressly provides:

"C. Any party desiring to cross-examine the author of any document, report, instrument or other written matters so filed shall request a subpoena in accordance with the provisions of R4–13–141."

Here, each of the three doctors signed the medical consultation report and thus each was an "author" thereof for which claimant could request a subpoena. Respondents correctly point out, however, that the right to cross-examine the authors of a submitted medical report granted by Rule 55 must be exercised "in accordance with the provisions of Rule 41." Rule 41 (A.C.R.R. R4–13–141) deals with requests for the issuance of subpoenas for witnesses in general and is not limited to the issuance of subpoenas for cross-examination purposes. A request for a subpoena for an expert medical witness must be filed at least 20 days prior to the date of hearing, and such a requirement would clearly be applicable even in situations involving subpoenas for cross-examination purposes. Claimant, however, cannot be faulted in this case for failing to timely meet this requirement, since the respondents' late submission of the medical consultation report made it impossible for claimant to submit a timely request. In any event, in apparent recognition of this fact, the administrative law judge did not purport to deny the request on the basis of untimeliness.

◼ Rule 41(A) also provides that, if requested by the administrative law judge, the party requesting a subpoena shall present a written statement stating the substance of the testimony expected of the witness in order that the judge may determine whether the testimony appears to be material and necessary. In interpreting a substantially identical provision in the Com-

mission's former Rule 35, this court held that the provision must be limited to requests to subpoena witnesses for *direct* examination, and that such a requirement could not be used to restrict the right of a party to cross-examine a person who had given evidence in the matter. *Polston v. Industrial Commission, supra.*[3] Since this provision is not applicable to subpoena requests for cross-examination purposes, it is apparent that Rule 41(A)'s requirement relating to a showing of the substance of the testimony expected to be elicited by a party cannot provide a basis for the denial of claimant's request for the issuance of subpoenas in this case.[4] Rather, upon the receipt of the opinions of these doctors in evidence through the acceptance of the medical consultation report, claimant became entitled to the issuance of subpoenas for these witnesses for the purposes of cross-examination. *See* Rule 55(C).

Our conclusions are not to be interpreted as interfering in any way with the discretion vested in an administrative law judge by the Commission's rules or the decisional law of this state insofar as concerns the issuance of subpoenas or the limitation or control of witnesses called for the purpose of direct examination. Our holding is limited to requiring that a party be afforded a reasonable opportunity to subpoena witnesses for cross-examination purposes when testimony or evidence from that witness constitutes, or will constitute, a part of the opposing party's proof.

. . . .

The award is set aside.

EUBANK and CONTRERAS, JJ., concur.

---

3. *Polston,* as in this case, involved the Commission's refusal to subpoena for cross-examination a medical witness whose report had previously been submitted as part of the evidence.

4. Factually, we note that in this case the administrative law judge did not request a state- ment of the substance of the expected testimony on cross-examination, but rather apparently based his refusal on his assumption that such cross-examination would be redundant and a waste of time.