764 P.2d 1151

Ronald TYREE, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Ruhl Industries, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 3805.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 1, 1988.

Tretschok, McNamara & Clymer, P.C. by Patrick R. McNamara, Tucson, for petitioner employee.

Catherine A. Fuller, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Fred R. Sands, Tucson, for respondent employer and carrier.

## OPINION

FIDEL, Judge.

One issue is presented in this review of an Industrial Commission award. At hearing the administrative law judge accepted into evidence the report of a three-member medical consulting group whose conclusions were adverse to the position of the petitioner-employee (the claimant). One member of the group testified consistently with the group's written report. The administrative law judge denied the claimant's requests to subpoena the two other members of the group for purposes of cross-examination. The claimant asserts that this was error; we agree and set the award aside.

### Facts and Procedural History

The claimant, a sign installer, was injured on the job on January 2, 1986. He was engaged with a co-worker in lifting a 300 to 400 pound sign when the sign fell on

him, causing a twisting injury to his back, shoulder, and neck.

The claim for workers' compensation benefits was accepted by the respondent carrier. Eventually the claimant reached a stationary point in his recovery. The parties disputed, however, whether his injury had resolved with or without permanent injury to his back. This issue was presented at hearing before the Industrial Commission on December 3, 1986, and on January 28, February 24, and June 9, 1987.

Three doctors testified that the claimant had sustained a five percent permanent impairment of the whole man. Two had treated the claimant. One, J. Wright Cortner, M.D., a board certified orthopedist, had examined the claimant on September 26, 1986, as an independent medical examiner on behalf of the respondents, and had rated the employee's impairment level at 5% and recommended that he not resume his former work.

The respondent carrier, apparently dissatisfied with the conclusions of Dr. Cortner, scheduled another independent medical examination for November 24, 1986. Dr. Cortner was not included as a participant. The group, consisting of Kurt Schroeder, M.D., Paul H. DeVries, M.D., and Wayne F. Peate, M.D., concluded that the claimant was stationary with no permanent impairment, required no further active medical treatment, and could return to his previous employment.

Dr. Schroeder, a board eligible neurosurgeon,[1] testified consistently with the November 24, 1986, group consultation report. During the doctor's testimony, that report was offered into evidence by the Fund.

MR. SANDS: I'll offer that, the report of November 24, 1986, in evidence at this time.

MR. McNAMARA: I object to it on a foundational basis; also, that it's hearsay to the other examiners. *If it's to be considered in evidence, I would request the right to cross-examine the other examiners because it's clearly hearsay.*

---

1. Dr. DeVries is an orthopedic surgeon; Dr. Peate is a specialist in occupational medicine.

JUDGE ENRIQUEZ: Doctor, there is an objection to the testimony of the other doctors, and you've responded to some of the questions that you as a group had decided, certain conclusions, reached certain conclusions.

What I'm interested in finding out now is whether the conclusions that you have stated are your own.

THE WITNESS: Yes, they are.

· JUDGE ENRIQUEZ: All right. Thank you very much.

This will be admitted over the objection of Mr. McNamara....

The claimant's request for cross-examination of Drs. DeVries and Peate was renewed at the conclusion of the final hearing on June 9, 1987, and was again denied.

On June 24, 1987, the administrative law judge entered an award for temporary disability benefits. He resolved the conflict in medical testimony by adopting Dr. Schroeder's opinion as "more probably correct and well-founded." The award was affirmed on administrative review, and this special action followed.

### Discussion

 The claimant argues that the administrative law judge erred by receiving the IME report into evidence without allowing him to cross-examine Drs. DeVries and Peate. The right to cross-examination is fundamental and attaches whenever the Industrial Commission receives any kind of evidence, either in testamentary or documentary form. *Jones v. Industrial Comm'n*, 1 Ariz.App. 218, 401 P.2d 172 (1965), citing *Schnatzmeyer v. Industrial Comm'n*, 78 Ariz. 112, 276 P.2d 534 (1954), and *Simpkins v. Industrial Comm'n*, 45 Ariz. 186, 42 P.2d 47 (1935). This right is also contained in the Commission rules. A.A.C. R4–13–155 (Rule 55) provides:

C. Any party desiring to cross-examine the author of any document, report, instrument or other written matters so filed shall request a subpoena in accordance with the provisions of R4–13–141 [Rule 41].

D. If a timely request for a subpoena is not made pursuant to this Rule and the provisions of R4–13–141, the right to cross-examine the author of any medical report, document, report, instrument or other written matters, shall be deemed waived and the document may be considered to be in evidence.

The Industrial Commission is vested with sound discretion to regulate and control the witnesses appearing before it. *Travelers Ins. Co. v. Industrial Comm'n*, 18 Ariz. App. 28, 499 P.2d 759 (1972). This discretion is not unlimited, however, as this court recognized in *Scheytt v. Industrial Comm'n*, 134 Ariz. 25, 653 P.2d 375 (App. 1982). In *Scheytt,* the claimant underwent a group medical consultation by three physicians. The group consultation report was offered into evidence and was accepted by the administrative law judge. Only one of the three doctors testified, and the administrative law judge refused to subpoena the others for cross-examination. On review, this court stated:

While the discretion of the administrative law judge is quite broad in that regard ... it is our opinion that such discretion cannot be exercised so as to deny a party's timely exercised request for an opportunity to cross-examine a witness who has given material evidence in the proceeding.... Here, by virtue of the submitted (and accepted) medical consultation report, Drs. Utz, Eddy and DeVries became respondent's witnesses in this proceeding. Such being the case, the claimant could not be denied an opportunity to cross-examine each of them.

*Scheytt,* 134 Ariz. at 28, 653 P.2d at 378 (citations omitted).

The respondents seek to distinguish *Scheytt* because there the administrative law judge relied expressly on the group consultation report and on the "combined expertise" of the group members. Here, by contrast, in explaining his decision, the administrative law judge referred only to the opinion of Dr. Schroeder, the testifying member of the group, and not to the group report itself.

We find this distinction unpersuasive. *Scheytt* does not turn upon the administrative law judge's explicit reliance upon a

group report but upon his acceptance of the report as evidence. In reaching his award in the present case, the administrative law judge stated that he "fully considered the file, record, and all matters appertaining...." The group report was a part of that record, accepted by the judge over claimant's objection. We must presume that the judge considered it, just as we must presume that he considered all relevant evidence of record. *Perry v. Industrial Comm'n,* 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975).

Accordingly, we conclude in this case, just as we concluded in *Scheytt,* that "by virtue of the submitted (and accepted) medical consultation report, [the nonappearing doctors] became respondent's witnesses in this proceeding. Such being the case, the claimant could not be denied an opportunity to cross-examine each of them." 134 Ariz. at 28, 653 P.2d at 378.

We are not unmindful of the expense and administrative burden to the Industrial Commission in providing for the testimony of multiple physicians. Yet this is not an expense the Commission is powerless to control. A.R.S. § 23–1026(F) (Supp.1987) (Amended by Laws 1987, 3d S.S., ch. 2, § 5) provides in pertinent part: "An employee shall be excused from attending a scheduled medical examination if the employee requests a protective order and the administrative law judge finds that the scheduled examination is unnecessary, would be cumulative or could reasonably be timely scheduled with an appropriate physician where the employee resides." Additionally, A.A.C. R4–13–114 B (Rule 14 B), effective March 1, 1987, permits a claimant to seek Commission relief from the "annoyance, embarrassment, burden or expense" of an independent medical examination.[2]

Although any independent medical examination (IME) by a physician not one's own involves some element of oppression or intrusion, our workers' compensation system permits such examinations as a means for carriers and employers to evaluate an injured employee's treatment and condition from a source independent of the treating doctor. A.R.S. § 23–1026(A) (Supp.1987).

Neither § 23–1026(F) nor Rule 14 B had been enacted when the claimant in this case was directed to appear for group evaluation on November 24, 1986, his second IME within two months. However, in the future, upon a claimant's timely invocation of A.R.S. § 23–1026(F) and Rule 14 B, the Commission may examine the necessity of repetitive IME's. Likewise it may consider whether a group examination is more likely to provide the benefit of interdisciplinary diagnosis or merely a needless cumulation of experts and potential witnesses at hearing.

### Conclusion

The carrier offered and the administrative law judge accepted a group report into evidence. Upon its admission, each member of the group became the carrier's witness, and the judge was obliged to grant the claimant's request for leave to cross-examine each of them.

The Industrial Commission award is set aside.

CORCORAN, P.J., and SHELLEY, J., concur.

---

**2.** A.A.C. R4–13–114 B and C provide:

B. Where justice requires to protect an employee from annoyance, embarrassment, oppression, or undue burden or expense, the Commission may order, upon good cause shown, one or both of the following:

1. That the examination not be held.
2. That the examination may be had only on specified terms and conditions, including a designation of the time, place and examining physician.

C. A motion for relief pursuant to subsection B. shall be filed with the presiding administrative law judge within two (2) days after the notice of examination is received and served on all interested parties and their representatives. If no request for hearing has been filed, then such motion shall be filed with the Chief Administrative Law Judge.