779 P.2d 1286

Michael OBERSTEINER, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

E.T. Auto & Truck, Respondent Employer,

Sentry Insurance Company, Respondent Carrier.

No. 1 CA–IC 88–138.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 31, 1989.

Reconsideration Denied Oct. 2, 1989.

JoAnn C. Gaffaney, Phoenix, for petitioner.

Catherine A. Fuller, Chief Counsel, Phoenix, for respondent Industrial Com'n of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Donald L. Cross, J. Victor Stoffa, Phoenix, for respondent employer and respondent Carrier.

LEVI RAY HAIRE, Judge, Retired.

This is a special action review of an Industrial Commission award for temporary disability benefits. Because we find that the administrative law judge erred by imposing the requirements of Rule 41 (A.A.C. R4–13–141) on the claimant's request for cross-examination, we set aside the award and do not reach other issues raised on review.

## PROCEDURAL HISTORY

On May 20, 1987, the petitioner employee (claimant) sustained an industrial injury while employed by the respondent employer, E.T. Auto & Truck. The claim was accepted for benefits by the respondent carrier, Sentry Insurance Company (Sentry). A group independent medical examination was conducted by four doctors from Southwest Disability Evaluation Center on January 13, 1988. The claim was subsequently closed with no permanent impairment, effective the date of the group examination. Following the claimant's timely request, a hearing was scheduled for June 1988.

On May 12, 1988, the claimant's attorney wrote the administrative law judge and requested that she be permitted to cross-examine the four doctors who participated in the group independent medical examination. The administrative law judge responded that the examination report was not in the Industrial Commission file and that no subpoenaes for cross-examination would be issued unless the report was filed. The administrative law judge also stated that if a report authored by multiple doctors was filed, "such report will be given no greater credence than if authored by one doctor and only one doctor will be permitted for the purpose of cross examination."

The claimant's attorney renewed her request for cross-examination at the first formal hearing:

"MS. GAFFANEY: Also, I have requested the doctors in the group—
"THE COURT: I understand you have requested every one of the doctors.

Now, have you discussed with any of the doctors whether they would have any different position than is contained in the report?
"MS. GAFFANEY: No.
"THE COURT: In other words, I am not going to have doctors come down and testify the same way as Dr. Moczynski—I believe he was on the report; wasn't he? Dr. Moczynski was in the group. If you can establish—if you have talked with the doctors and one of those other doctors would have a different opinion than Dr. Moczynski, you are certainly entitled to have him come down, and I understand there was a case in Tucson that found it was in error to refuse to permit all the doctors to come down, but I think the basis for that was more weight was given to that than any other. I will not give any additional weight to that report than I would to the report of [the claimant's treating physician]."

The group independent medical examination report was submitted into evidence during the second formal hearing. The claimant cross-examined the doctor who testified and objected to the filing as untimely. The administrative law judge responded:

"Well, in view of the fact that the rules are to offer for cross-examination the author of that report—however, I do want to state for the record that report will be given no greater significance than any one individual doctor. I'm not having all four doctors come down here to testify."

In August 1988, the administrative law judge entered an award finding the claimant stationary with no permanent impairment. The claimant requested administrative review and the award was affirmed. This special action followed.

## PRESERVATION OF ISSUE ON APPEAL

Before reaching the merits of the claimant's argument that he was denied an opportunity to cross-examine the authors of the group independent medical examination

report, we must address Sentry's contention that this issue was not adequately preserved for appellate review.

█ An issue not raised before the Industrial Commission either as part of the hearing process or in a request for review is not subject to appellate review. *Stephens v. Industrial Commission,* 114 Ariz. 92, 94, 559 P.2d 212, 214 (App.1979); *Norsworthy v. Industrial Commission,* 24 Ariz.App. 73, 535 P.2d 1304 (1975). This rule stems from the requirement that an aggrieved party must exhaust his administrative remedies before seeking judicial relief, and is based on the assumption that an administrative agency will decide a matter correctly if given the opportunity to do so. *Stephens,* 114 Ariz. at 94, 559 P.2d at 214 (citing *Ross v. Industrial Commission,* 82 Ariz. 9, 11–12, 307 P.2d 612, 614 (1957)). If an issue presented for appellate review was not raised before the Commission in a request for review, we will review the record for "(1) those matters which are extant in the record, such as objections to evidence, and (2) the issue which is fundamental on review, that is, the sufficiency of the evidence to support the decision." *Stephens,* 114 Ariz. at 95, 559 P.2d at 215.

█ We find that although the claimant failed to specifically mention the denial of cross-examination in his request for review, the issue is extant in the record. The claimant asked to cross-examine all participants in the group examination both before and during the hearings, and gave the administrative law judge at least three opportunities to decide the issue of cross-examination correctly. The administrative law judge repeatedly denied the request and clearly stated his reasons in the record. We conclude that this issue was appropriately preserved for appeal.

REQUEST FOR CROSS–EXAMINATION

█ The right to cross-examination is fundamental and attaches when the Industrial Commission receives any testamentary or documentary evidence. *Tyree v. Industrial Commission,* 159 Ariz. 92, 764 P.2d 1151 (App.1988); *State of Arizona v. Industrial Commission,* 29 Ariz.Adv.Rep.

11 (Ct.App. February 24, 1989); *see Jones v. Industrial Commission,* 1 Ariz.App. 218, 401 P.2d 172 (1965). This right is reflected in Rule 55 (A.A.C. R4–13–155), which provides in part:

"C. Any party desiring to cross-examine the author of any document, report, instrument or other written matters so filed shall request a subpoena in accordance with the provisions of R4–13–141."

Rule 41(A) (A.A.C. R4–13–141(A)) states, in part:

"A.... Upon request of the presiding administrative law judge, the *party requesting that the subpoena be issued shall present a written statement stating the substance of the testimony expected of the witness.* If a party fails to respond to such request ... the witness shall not be subpoenaed unless the party can show at or before the first scheduled hearing good cause for the failure to respond ... and that the witness is material and necessary. If such testimony appears to be material and necessary, the presiding administrative law judge shall issue the subpoena...." (Emphasis added.)

█ The Industrial Commission has wide discretion to regulate and control the witnesses appearing before it. *See Travelers Insurance Co. v. Industrial Commission,* 18 Ariz.App. 28, 30, 499 P.2d 759, 761 (1972). However, this discretion is not unlimited. The claimant argues that our decision in *Scheytt v. Industrial Commission,* 134 Ariz. 25, 653 P.2d 375 (App.1982) precludes the administrative law judge from imposing the requirements of Rule 41(A) on his request to cross-examine the four physicians who authored the group examination report.

In *Scheytt,* the claimant underwent a group medical consultation with three doctors. The group consultation report was accepted into evidence by the administrative law judge. Only one of the three doctors testified at the hearing, and the administrative law judge refused to subpoena the other doctors for cross-examination. The administrative law judge re-

peatedly noted in his findings that the report combined the expertise of three qualified experts and resolved the conflicting medical testimony in favor of the group report. On review, we stated:

"While the discretion of the administrative law judge is quite broad ... it is our opinion that such discretion cannot be exercised so as to deny a party's timely exercised request for an opportunity to cross-examine a witness who has given material evidence in the proceeding. Here, *by virtue of the submitted (and accepted) medical consultation report, [the nontestifying doctors] became respondents' witnesses in this proceeding.* Such being the case, the claimant could not be denied an opportunity to cross-examine each of them." (Emphasis added.) *Scheytt,* 134 Ariz. at 28, 653 P.2d at 378 (citations omitted).

■ The administrative law judge apparently believed that, under *Scheytt,* if he did not give cumulative weight to the group report and the claimant did not provide a Rule 41(A) statement, he could restrict cross-examination to one doctor. This attempt to limit *Scheytt* is in conflict with our above-quoted holding in that case, and was expressly rejected in *Tyree.* In those cases, as well as the one now before us, the right to cross-examine all authoring doctors arose, not because the administrative law judge relied on the report, but because he accepted the report into evidence. *Tyree,* 159 Ariz. at 94–95, 764 P.2d at 1153–1154.

Sentry's attempts to distinguish *Scheytt* and *Tyree* from the case before us are not persuasive. Relying on a footnote in *Scheytt,* Sentry notes that the administrative law judge in *Scheytt* and *Tyree* did not ask the claimant to provide a Rule 41(A) statement of the substance of the testimony. *See Scheytt,* 134 Ariz. at 29 n. 4, 653 P.2d at 79 n. 4. Sentry argues that in this case, the administrative law judge specifically asked for a statement that the nontestifying doctors would have opinions different than the testifying doctor and the claimant refused to comply. Sentry contends that the claimant therefore waived

his opportunity to examine these medical witnesses.

■ In dicta contained in *Scheytt,* we discussed whether Rule 41 applies to requests for cross-examination:

"[T]his court [has] held that [Rule 41] must be limited to requests to subpoena witnesses for *direct* examination, and that such a requirement could not be used to restrict the right of a party to cross-examine a person who had given evidence in the matter. Since this provision is not applicable to subpoena requests for cross-examination purposes, it is apparent that Rule 41(A)'s requirement relating to a showing of the substance of the testimony expected to be elicited by a party cannot provide a basis for the denial of claimant's request for the issuance of subpoenas in this case." *Scheytt,* 134 Ariz. at 29, 653 P.2d at 79 (citations omitted).[1] (Emphasis in original.)

*See also Polston v. Industrial Commission,* 13 Ariz.App. 291, 475 P.2d 950 (1970) (administrative law judge erred by relying on a medical report submitted into evidence without allowing claimant to cross-examine the authoring doctor). We conclude that our discussion in *Scheytt* was correct and hold that an administrative law judge cannot require a Rule 41 statement from a party who desires to subpoena a witness solely for cross-examination.

For the foregoing reasons, the award is set aside.

CONTRERAS, P.J., and EUBANK, J., concur.

*Note:* Retired Judge LEVI RAY HAIRE was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.

---

1. Rule 41 has been amended since our decision in *Scheytt.* The amendments are not pertinent

to our analysis.