785 P.2d 98

Jesus F. LOPEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Safeway Stores, Inc., Respondent Employer,

Safeway Stores, Inc., Respondent Carrier.

No. 2 CA–IC 89–0026.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 21, 1989.

Tretschok, McNamara & Clymer, P.C. by Jeffrey L. Patten, Tucson, for petitioner Employee.

The Industrial Commission of Arizona by Anita Valainis, Chief Counsel, Phoenix, for respondent.

Bury, Moeller, Humphrey & O'Meara by J. Michael Moeller and Jean Gage, Tucson, for respondents Safeway.

OPINION

ROLL, Presiding Judge.

In this special action, petitioner/employee Jesus F. Lopez appeals from the award of the administrative law judge (ALJ). Because the ALJ considered a group consultation report without affording Lopez an opportunity to cross-examine all of the authors thereof, we set aside the award.

BACKGROUND

Jesus F. Lopez was employed by Safeway Stores, Inc. (Safeway) on July 3, 1987, when he sustained injury to his lower left rib cage. At that time, X-rays revealed no fractures. Lopez filed a claim for workers' compensation benefits. Safeway, a self-insured employer, accepted the claim, then closed the claim with no permanent disability and no time lost, effective July 7, 1987.

At a hearing, the parties stipulated that Lopez's condition was medically stationary with no permanent disability as of October 2, 1987. The ALJ awarded Lopez temporary disability benefits and medical, surgical, and hospital benefits through this date.

Lopez continued to suffer pain which he claimed was aggravated by certain activities. He filed a petition to reopen his claim because of a new, additional, or previously undiscovered disability or condition. The petition was denied and Lopez requested a hearing.

At the hearing, Dr. Frederick J. Smith, a board-eligible neurologist, testified that he had examined Lopez and diagnosed to a reasonable medical certainty that Lopez had thoracic radiculopathy. Dr. Smith's report noted that a bone scan revealed four anterior rib fractures which had healed. Dr. Smith found no objective indication of the radiculopathy and based his diagnosis on Lopez's subjective complaints. Dr. Smith stated that these complaints were consistent with thoracic radiculopathy.

Dr. J. Wright Cortner, a board-certified orthopedic surgeon, testified that he, Dr.

John P. Utz, and Dr. Lloyd S. Anderson conducted a group evaluation of Lopez. Dr. Cortner testified that he was unable to duplicate Dr. Smith's findings and that to a reasonable medical probability, Lopez did not need ongoing treatment for his industrial injury, nor did he have a new, additional, or previously undiscovered condition.

Over Lopez's objection, the ALJ admitted into evidence the group consultation report of Drs. Utz, Cortner, and Anderson. The report was dictated by Dr. Utz and contained the results of an EMG conducted six days following the group consultation. Dr. Cortner did not take part in the EMG. The ALJ denied Lopez's request to subpoena Drs. Utz and Anderson for the purpose of cross-examination.

Two investigators testified that they observed and videotaped Lopez over several days and that Lopez did not exhibit any difficulty walking and driving. Their videotapes were introduced into evidence.

The ALJ denied Lopez's petition to reopen and, on review, affirmed the denial. This special action followed.

ISSUES

Lopez argues that (1) the group consultation report lacked adequate foundation and should not have been admitted without an opportunity for Lopez to cross-examine the authors thereof, and (2) there was not substantial evidence to support the award.

*Admission of Report*

Lopez argues that the ALJ erred when he admitted the group consultation report into evidence and refused to subpoena Drs. Utz and Anderson for cross-examination.

■ This court presumes that an ALJ considers all relevant evidence. *Perry v. Industrial Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975). Here, the ALJ stated in his award: "The undersigned, having fully considered the file, records, and all matters hereunto...." Therefore, we can presume the ALJ in this case considered all reports, including the group consultation report. In addition, in his award

the ALJ referred to evidence that is contained in the group evaluation report but is not contained in Dr. Cortner's testimony:

[Dr. Cortner] stated that he found tenderness to palpation over the left upper quadrant of the abdomen and tenderness on compressing the interior costal margin. He further stated that the EMG revealed no evidence of thoracic radiculopathy....

Initially, the ALJ declined to admit the report, citing *Tyree v. Industrial Comm'n*, 159 Ariz. 92, 764 P.2d 1151 (App.1988). The ALJ stated that he would allow Dr. Cortner to testify to a synopsis of the report. Defense counsel objected, stating: "I don't want a synopsis. I want the entire report in evidence." Later, defense counsel argued that he only wanted Dr. Cortner's opinion considered from the report and not the opinions of Drs. Utz and Anderson. The group evaluation report, however, does not isolate the examination, findings, and opinions of each doctor. The report contains Lopez's medical history and the findings and conclusions of all three doctors, jointly presented. Accordingly, it was not possible for the ALJ to consider that portion of the report written by Dr. Cortner as substantive evidence and the balance of the report as merely the basis for Dr. Cortner's testimony.

The parties to an industrial commission case have a fundamental right to cross-examination. *Jones v. Industrial Comm'n*, 1 Ariz.App. 218, 221, 401 P.2d 172, 175 (1965); *Schnatzmeyer v. Industrial Comm'n*, 78 Ariz. 112, 114, 276 P.2d 534, 535 (1954). The current rule is that when a report signed by more than one doctor is submitted into evidence, the party against whom the report is offered has a right to cross-examine each of the authors of the report. *Division of Finance v. Industrial Comm'n*, 159 Ariz. 553, 769 P.2d 461 (App.1989); *Tyree v. Industrial Comm'n*, 159 Ariz. at 93, 764 P.2d at 1152; *Scheytt v. Industrial Comm'n*, 134 Ariz. 25, 28, 653 P.2d 375, 378 (App.1982); A.C.R.R. R4-13-155(c) (Rule 55(c), Industrial Commission Rules).

In *Tyree*, as here, the ALJ stated that he would refer only to the opinion of the testifying author and not to the group report. 159 Ariz. at 94, 764 P.2d at 1153. In *Tyree*, Division One of this court held that when the ALJ accepted the group medical consultation report into evidence, the non-appearing doctors became the respondent's witnesses and the claimant could not be denied an opportunity to cross-examine each of them. *Id.* at 95, 764 P.2d at 1154. Division One stated that the right to cross-examine arises at the moment the report is accepted and does not depend on the ALJ's use of the evidence. *Id.* Safeway concedes that *Tyree* controls Lopez's right to cross-examine Drs. Utz and Anderson, but urges this court to revisit *Tyree*.

While the ALJ is not bound by rules of evidence, he is required to apply procedural rules to achieve substantial justice. A.R.S. § 23-941(F). The Industrial Commission rules of procedure preserve the fundamental right of cross-examination that is necessary to a fair hearing. A.C.R.R. R4-13-155 and R4-13-141; *Tyree, supra*. The right of cross-examination is necessary for substantial justice. *E.g., Division of Finance*, 159 Ariz. at 556, 769 P.2d at 464.

In *Division of Finance*, a testifying doctor relied, in part, on a non-testifying doctor's report. The ALJ denied a request to cross-examine the non-testifying doctor. That doctor's report was made a part of the Industrial Commission file. *Id.* at 554-55, 769 P.2d at 462-63. The court held that submission of the report transgressed the limits of Rules 703 [1] and 705,[2] Ariz.Rules of

---

1. RULE 703. BASES OF OPINION TESTIMONY BY EXPERTS

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

2. RULE 705. DISCLOSURE OF FACTS OR DATA UNDERLYING EXPERT OPINION

The expert may testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert

Evid. A.R.S. 17A, because a testifying expert may disclose and rely on a report not admitted into evidence but cannot transform the content of the report into substantive evidence. *Id.* at 556, 769 P.2d at 464.

In *State v. Lundstrom*, 161 Ariz. 141, 776 P.2d 1067 (1989), our supreme court examined Rule 703 and stated:

> [A]n expert witness on direct examination may disclose facts or data that have not been admitted in evidence—and that may not be admissible—if they form the basis for his opinion and if of a type reasonably relied upon by experts in the field. Once disclosed, the facts or data are not admitted as substantive evidence, but only for purposes of showing the basis of the expert's opinion.

*Id.* at 145–46, 776 P.2d at 1071–72. The court cautioned that the testifying expert cannot "merely act as a conduit for another non-testifying expert's opinion." *Id.* at 148, 776 P.2d at 1074.

Of course, should the information contained in a report indicate that testimony concerning both the methodology and conclusions reached by non-testifying experts is not material and necessary, the ALJ is vested with discretion to deny requests for subpoenae for the non-testifying experts. A.C.R.R. R4–141(a); *see Scheytt v. Industrial Comm'n, supra* (discretion of ALJ cannot be used to deny subpoena to cross-examine a witness who has given *material* evidence; expert became witness when group report accepted into evidence).

■ Safeway also suggests a limited remand of this action to allow only cross-examination of Drs. Utz and Anderson. This court can only affirm or set aside an award. A.R.S. § 23–951(D). We find that the ALJ's refusal to subpoena Drs. Utz and Anderson for cross-examination after he accepted their report into evidence violated Lopez's right to due process of law. Accordingly, the award must be set aside.

## CONCLUSION

In the matter before us, a group evaluation report was admitted into evidence, the

may in any event be required to disclose the

content thereof was treated as substantive evidence, and the report contained both methodology and/or conclusions which were not merely cumulative of the testimony of the testifying expert. Under these circumstances, the party against whom the report was offered was entitled to cross-examine the non-testifying experts who participated in preparation of the report.

The award must be set aside.

HOWARD and HATHAWAY, JJ., concur.

underlying facts or data on cross-examination.