793 P.2d 1119

Eva Christine ARTIS,
Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

C D I Corporation,
Respondent Employer,

Liberty Mutual, Respondent
Insurance Carrier.

No. 2 CA–IC 89–0035.

Court of Appeals of Arizona,
Division 2, Department B.

March 8, 1990.

Review Denied June 26, 1990.

---

Tretschok, McNamara & Clymer, P.C. by Patrick R. McNamara, Tucson, for petitioner employee.

The Industrial Com'n of Arizona by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Donald L. Cross and J. Victor Stoffa, Phoenix, for respondent employer and respondent Ins. carrier.

## OPINION

FERNANDEZ, Chief Judge.

The only issue presented in this review of an industrial commission award is the administrative law judge's (ALJ) refusal to issue subpoenas to permit the claimant to cross-examine all the doctors who signed a group medical report unless the claimant paid both the transcript and medical appearance expenses. We find that condition effectively denied the claimant her right of cross-examination and set the award aside.

The claimant was an assembly line worker who was injured in January 1987 when a heavy box fell on her left foot. Her claim for workers' compensation benefits was accepted by respondents, who terminated her benefits March 21, 1988 because of the group medical report conclusion that she was stationary as of that date. The claimant protested the determination. At respondents' request, the group report was placed in the file prior to the hearing. Claimant's counsel timely requested that subpoenas issue for cross-examination of the authors of the report. Respondents requested subpoenas to have two of the four authors testify, and the ALJ ruled that only one of the doctors would be subpoenaed. At the close of the hearing, claimant's counsel again requested that the other three members of the group be subpoenaed. The ALJ stated that he would not subpoena those physicians unless the claimant paid both the transcript costs and the medical appearance fees. The ALJ affirmed his ruling after counsel informed him that the claimant could not afford the expense involved. In his award, the ALJ determined that the claimant was stationary as of September 30, 1988.

On review, the claimant contends the ALJ abused his discretion in denying her request to subpoena all group participants unless she paid all costs associated with the appearance of those witnesses.

■ The Industrial Commission has wide discretion to regulate and control the witnesses who appear before it. *Travelers Insurance Co. v. Industrial Commission*, 18 Ariz.App. 28, 499 P.2d 759 (1972). Our courts have consistently held that claimants have a right to cross-examine group medical witnesses. *Obersteiner v. Industrial Commission*, 161 Ariz. 547, 779 P.2d 1286 (App.1989); *Tyree v. Industrial Commission*, 159 Ariz. 92, 764 P.2d 1151 (App. 1988); *Scheytt v. Industrial Commission*, 134 Ariz. 25, 653 P.2d 375 (App.1982); *see also Jones v. Industrial Commission*, 1 Ariz.App. 218, 401 P.2d 172 (1965).

In this case, the ALJ recognized that the claimant had a right to cross-examination, yet imposed on that right a condition that claimant pay the medical witnesses' fees and transcript costs. Because the claimant is not working and cannot afford those expenses, the ruling in effect denied her the right to cross-examine the witnesses.

Respondents argue that the error, if any, was harmless, contending that the ALJ must have rejected the report because the award found that the claimant became stationary six months after the stationary date in the report. We disagree. The cases cited by respondents in support of their claim of harmless error did not deal with the abrogation of a fundamental right as was the case here. *Young v. Hodgman & Mac Vicar*, 42 Ariz. 370, 26 P.2d 355 (1933) (referee questioned witnesses before claimants did but claimants fully developed case); *Aetna Casualty & Surety Co. v. Industrial Commission*, 17 Ariz.App. 137, 495 P.2d 1344 (1972) (insurance company given notice of hearing only minutes before but continued hearing granted).

Respondents also argue that the denial of cross-examination was harmless error because the award does not mention the report. Although that is true, the award does state: "The undersigned, having fully considered the file, record and all matters hereunto appertaining...." Moreover, the fact that the award does not refer to the group medical report was the rationale offered to support the ALJ's ruling in *Tyree, supra,* and was rejected by the court. It is clear that the right to cross-examine attaches when the Industrial Commission receives any testamentary or documentary evidence. *Obersteiner, supra; Tyree, supra.*

Respondents also contend that the ALJ's ruling was permissible because the Industrial Commission is granted broad discretion to control witnesses. We agree that it is. Our courts, however, have repeatedly held that such discretion may not be exercised in a manner inconsistent with fundamental principles inherent in due process of law. *Obersteiner, supra; Tyree, supra;*

*Cash v. Industrial Commission,* 27 Ariz. App. 526, 556 P.2d 827 (1976).

Finally, respondents contend that the right to cross-examine an opposing party's witnesses is contingent upon the claimant first demonstrating an ability to carry her burden of proof. We find no merit to this contention.

Award set aside.

LIVERMORE, P.J., and LACAGNINA, J., concur.