NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEVE A. MARTIS,
*Petitioner/Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

CIENEGA CONSTRUCTION,
*Respondent Employer*,

COPPERPOINT MUTUAL INSURANCE COMPANY,
*Respondent Carrier*.

No. 1 CA-IC 18-0073
FILED 10-24-2019

Special Action – Industrial Commission
ICA Claim No. 88084-016797
Carrier Claim No. 8810748
The Honorable Robert F. Retzer, Administrative Law Judge

**AFFIRMED**

COUNSEL

Steven A. Martis, Bullhead City
*Petitioner/Employee*

The Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent ICA*

Copperpoint Mutual Insurance Company, Phoenix
By Deborah E. Mittelman
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1        Steven A. Martis seeks review of the Decision Upon Review of the Industrial Commission of Arizona ("ICA"), denying both his Petition to Reopen ("Petition") his industrial injury claim and his Complaint of Alleged Bad Faith and/or Unfair Claims Processing Practices ("Complaint"). Martis also protests his 2017 supportive care award. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        "We view the evidence in the light most favorable to affirming [ICA]'s findings and award." *City of Tucson v. Indus. Comm'n*, 236 Ariz. 52, 54, ¶ 2 (App. 2014). We limit our review to the evidence contained in the record. *Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 214 (1987).

¶3        On March 1, 1988, Martis slipped on a stair, falling and injuring his back, while working for Cienega Construction in Flagstaff, Arizona. Following his fall, Martis successfully petitioned ICA for an award of temporary benefits for the treatment of his back injury until he became medically stationary.

¶4        During the pendency of the initial petition, Dr. Donald Hales, an orthopedic surgeon, examined Martis. Dr. Hales testified that Martis presented "severe back pain with radiation into both legs . . . ." He noted further that a CAT scan and MRI showed findings "consistent with a herniated disk at the L3-4, L4-5 levels and a bulging disc at the L5, S-1

level," and "confirm[ed] multiple level disk herniations." Dr. Hales opined that the herniated disc was related to the work injury. The Administrative Law Judge ("ALJ") adopted his diagnoses in his 1989 award.

¶5	In 1990, Martis underwent a discectomy and laminectomy of the injured areas that Dr. Hales identified. In 1992, the State Compensation Fund ("SCF") declared Martis medically stationary with continuing conservative care. ICA granted a further supportive care and partial disability award in 1995 pursuant to an independent medical examination ("IME"). After the IME, SCF declared him to be medically stationary and suitable for full-time work with weight-lifting restrictions. SCF then transitioned Martis to permanent disability and granted supportive medical maintenance benefits.

¶6	In 2016, Martis filed a Petition to Reopen, in which he sought a diagnostic exam following a fall that Martis claims was related to his industrial accident. In 2017, Martis filed a Complaint seeking reimbursement from SCF (now Copperpoint) for urgent care, medication, and transportation expenses resulting from this fall.

¶7	At the hearing before the ALJ, Copperpoint's claims adjuster, Melinda Mikkelson, testified that Copperpoint paid for all supplemental care previously awarded. Copperpoint also called Dr. Carol Peairs and Dr. Irwin Shapiro, who testified that Martis had no new conditions related to the injury. Dr. Shapiro testified that Martis's industrial injury did not cause his fall. Martis called Dr. Paul Sutera, his supportive care physician. Dr. Sutera testified that although the supportive care award was not ideal, it was nevertheless reasonable.

¶8	The ALJ denied the Petition and Complaint in his July 16, 2018 Decision Upon Hearing. In doing so, the ALJ found Dr. Sutera, Martis's sole medical witness, "was . . . unable to state the applicant had any new, addition[al] or previously undiscovered condition causally related to his . . . industrial injury," and that Copperpoint's proposed supportive care award was reasonable. The ALJ "accept[ed] the opinions of all of the medical witnesses" that Martis had no new, additional, or undiscovered conditions related to the March 1988 injury.

¶9	The same ALJ then affirmed these denials in a subsequent Decision Upon Review. Martis timely filed this petition.

**DISCUSSION**

¶10        Several initial matters require our attention. First, Martis requests several extraordinary measures of relief for the first time in this appeal. We decline to consider all requests for relief not raised in the ICA hearing, and for which Martis cites no law or portion of the record in support. *See Obersteiner v. Indus. Comm'n*, 161 Ariz. 547, 549 (1989) ("An issue not raised before [ICA] either as part of the hearing process or in a request for review is not subject to appellate review.").

¶11        Second, Copperpoint correctly notes that Martis's opening brief fails to comply with Arizona Rule of Civil Procedure 13(a)(6)–(7) by failing to support his assertions with citations to the record and caselaw. While we may treat the failure to develop issues in an opening brief as a waiver of those issues, we decline to find waiver here where Martis has previously raised an issue before the ICA. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552, ¶ 33 n.9 (2005) (waiver based on abandonment is "a rule of prudence, not of jurisdiction").

¶12        Third, Martis moved to supplement his reply brief. The proposed supplement contains no new citations or legal arguments that would prejudice another party by their consideration. In our discretion, we grant Martis's motion.

**I.        Sufficiency of Evidence**

¶13        Martis appears to challenge the sufficiency of the evidence relied upon by the ALJ. A petitioner may seek to reopen a previously accepted ICA claim for additional or rearranged compensation "upon the basis of a new, additional or previously undiscovered temporary or permanent condition." A.R.S. § 23-1061(H). An accepted ICA claim will not be reopened based on "increased subjective pain if the pain is not accompanied by a change in objective physical findings." *Id.*

¶14        A petitioner may not simply assert causation between a given condition and their injury. *See Phelps v. Indus. Comm'n*, 155 Ariz. 501, 505 (1987) ("If the result of an industrial accident is not clearly apparent to a layman, then the causal relationship of the accident to the physical or mental condition must be established by expert medical testimony."). Claimants have the burden to prove the material elements of their claim by a preponderance of the evidence. *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975). This court will affirm an ALJ Decision when it is based on any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

**¶15** The ALJ must resolve conflicting evidence and "determine which of the conflicting testimony is more probably correct." *Id.* at 398. When the ALJ resolves such a conflict, we will not disturb that conclusion unless wholly unreasonable. *Royal Globe Ins. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973).

**¶16** Here, Martis claims that back spasms resulting in a fall and subsequent injury were causally related to his 1988 injury. Martis presented no medical evidence supporting this claim during the ICA hearing. Dr. Sutera substantially agreed with Copperpoint's witnesses that Martis had no new, additional, or previously undiscovered conditions. Martis thus did not meet his burden of proof, and the ALJ reasonably denied his Petition.

**¶17** Concerning the sufficiency of the supportive care award, Dr. Sutera agreed that it was reasonable. To the extent that the physicians disagreed, the ALJ resolved the conflict in favor of the Copperpoint witnesses. The ALJ, reasonably affirmed the adequacy of the supportive care award.

**¶18** The record does not support Martis's assertion that Copperpoint failed to pay for benefits in bad faith. Martis presented no evidence demonstrating that Copperpoint failed to pay for services to which he was entitled. Mikkelson testified to the contrary. The ALJ thus properly denied his Complaint.

## II. Alleged Procedural Errors

**¶19** Martis asserts several procedural errors. First, he asserts that the ALJ did not call witnesses Martis deemed helpful to his case. "[T]he Industrial Commission is granted broad discretion to control witnesses." *Artis v. Indus. Comm'n*, 164 Ariz. 452, 454 (App. 1990). This discretion may not violate "fundamental principles inherent in due process of law." *Id.* An ALJ has the discretion to refuse to issue subpoenas for medical witnesses where the "witness would be redundant and unnecessary to a resolution of the medical issues." *Scheytt v. Indus. Comm'n*, 134 Ariz. 25, 28 (1982).

**¶20** Martis had an opportunity to question Dr. Sutera. The ALJ declined to call a physician's assistant from Dr. Sutera's office. Martis could not identify any relevant testimony which the assistant could provide and that Dr. Sutera would not. Accordingly, the ALJ did not abuse his discretion in declining to call the assistant.

**¶21** Martis also claims the ALJ unreasonably limited his opportunity to speak, and improperly held part of the hearing in his

absence. Claimants before ICA are entitled to a hearing that achieves "substantial justice." *See* A.R.S. § 23-941(F). A party must notify the presiding ALJ three days in advance of a non-appearance that would require the rescheduling of a hearing. Ariz. Admin. Code R20-5-149(B). It is not an abuse of discretion for an ALJ to proceed with an ICA hearing where a party or party's counsel is not present, as it is the duty of parties to appear when hearings are scheduled. *See Cash v. Indus. Comm'n*, 27 Ariz. App. 526, 530 (1976) (holding that it was not abuse of discretion for a hearing officer to proceed without party's counsel where counsel's flight was delayed).

**¶22**  ICA notified Martis three weeks in advance that he was to appear telephonically at his hearing, which occurred on four days in June 2018. Martis called the ombudsman the second day of the hearing to notify the ALJ he could not attend the following two days due to a knee surgery. The ALJ held the remaining portion of the hearing in Martis's absence. Martis next contacted the ICA by letter two months later. Martis failed to request a postponement three days in advance as required. He also did not request any accommodation until a month after the ALJ released his Decision Upon Hearing. The ALJ's decision to proceed without him did not deny Martis substantial justice.

**CONCLUSION**

**¶23**  We affirm the ALJ's Decision Upon Review.

