NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHERYL TRACY HARVEY, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SERVICES ATA, *Respondent Employer,*

TECHNOLOGY INSURANCE CO., *Respondent Carrier*.

No. 1 CA-IC 21-0019
FILED 4-26-2022

Special Action - Industrial Commission
ICA Claim No. 20183-450025
Carrie Claim No. 3028718
The Honorable Kenneth Joseph Hill, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Cheryl Tracy Harvey, Maricopa
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini

Broening Oberg Woods & Wilson PC, Phoenix
By Jerry T. Collen, Kelley M. Jancaitis
*Counsel for Respondent Employer and Respondent Carrier*

—————————————————

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

—————————————————

**S W A N N**, Judge:

¶1   This is a special action review of Industrial Commission of Arizona decisions limiting Cheryl Tracy Harvey to temporary medical and disability benefits for a shoulder impairment she suffered as the result of an industrial accident. We affirm. Reasonable evidence supports the award, and we find no merit to Harvey's objections regarding the manner in which the Administrative Law Judge ("ALJ") conducted the proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2   On August 24, 2018, Harvey struck an elk while driving in Idaho in the course of her employment as an ATM compliance technician for Services ATA. At ATA's direction, she was checked by a medical professional in Idaho the next day and was diagnosed with shoulder strain. She then completed her assignments on a delayed schedule, returned to her Arizona home, and continued working full-time for ATA. But she claimed to still experience soreness from the accident, including worsening back pain, and she further claimed that she received help from her family as she worked.

¶3   ATA terminated Harvey for cause on December 6, 2018. Harvey reported her August industrial accident to the ICA the next day, and ATA's insurance carrier, Technology Insurance Company, promptly accepted the claim and directed her to treatment providers.

¶4   An urgent care clinic diagnosed Harvey with coccygodynia and right shoulder pain on January 30, 2019. She then sought treatment from a shoulder specialist, Dr. William Paterson, and a back specialist, Dr. Caleb Behrend.

¶5   Dr. Paterson diagnosed Harvey with a right shoulder strain and referred her for steroid injections and physical therapy. Harvey discontinued the injections after suffering an adverse reaction to the first in the series, but she consistently participated in and benefited from physical therapy. In July 2019, Dr. Paterson concluded that Harvey had reached

maximum medical improvement with respect to her right shoulder, with a permanent impairment of 1% and no need for work restrictions. Soon thereafter, Harvey finished her scheduled physical therapy sessions and was discharged with instructions to continue with a home exercise program.

¶6 Dr. Behrend diagnosed Harvey with lumbar stenosis and radiculopathy, lumbar spondylosis, and low back pain. He referred her for steroid injections, but again, she had only one injection due to an adverse reaction. Dr. Behrend also referred Harvey for physical therapy. Though the physical therapy helped, she continued to report pain. Around the beginning of 2020, Dr. Behrend recommended that Harvey undergo surgery to repair a herniated disc. Dr. Behrend opined that though Harvey had some pre-existing disc degeneration, the disc herniation was the product of the industrial accident.

¶7 Meanwhile, on September 29, 2019, Dr. Jon Zoltan conducted an independent medical evaluation of Harvey. Dr. Zoltan concluded that Harvey had injured her right shoulder in the industrial accident and, consistent with Dr. Paterson, concluded that she had reached maximum medical improvement with respect to that injury, with a permanent impairment of 1% and no need for work restrictions. Dr. Zoltan further concluded that Harvey's back condition was stationary with no permanent physical impairment.

¶8 Technology Insurance closed Harvey's claim after Dr. Zoltan reported his conclusions. Harvey objected and requested a hearing.

¶9 In anticipation of the hearing, Dr. James Maxwell conducted an independent medical evaluation of Harvey on February 6, 2020. Dr. Maxwell concluded that Harvey's back complaints related solely to pre-existing, age-related disc degeneration and not the industrial accident. He opined that at most, the accident could have caused a lumbar sprain or strain, the effects of which would have long since resolved. He further opined that Harvey did not require back surgery, on an industrial basis or otherwise.

¶10 In June 2020, Harvey testified that as of the time her claim was closed, "they had done as much as they could do" regarding her shoulder. She further testified that she had not seen her shoulder doctor, Dr. Paterson, since late 2019 because "we left it as a basis of 'as needed,' if I needed to come back in because the pain started coming back or . . . I lost mobility in my arm or something," and "there hasn't been a need to go back." With

respect to her back, however, she complained of ongoing pain and requested continued treatment.

¶11 At the conclusion of the June 2020 hearing, Harvey confirmed that she wanted Dr. Paterson and Dr. Behrend to testify. She also confirmed that she was seeking additional treatment for her shoulder "[o]nly on an as-needed basis." In view of that statement, the ALJ suggested that medical testimony regarding Harvey's shoulder was not necessary, and counsel for ATA and Technology Insurance agreed. Counsel withdrew Dr. Zoltan as a witness, and the ALJ stated that he would issue subpoenas for Dr. Maxwell and Dr. Behrend only. Harvey did not object.

¶12 Dr. Behrend and Dr. Maxwell testified in September and October 2020 regarding their competing opinions. Harvey queried Dr. Zoltan's absence at the September hearing, and the ALJ informed her that nobody had requested his testimony.

¶13 In a January 2021 decision, the ALJ resolved the conflict in the medical evidence in favor of Dr. Maxwell's opinions. The ALJ held that Harvey's medical condition was stationary effective September 26, 2019, and found that she sustained a 1% permanent impairment of her shoulder from the industrial accident.[1] The ALJ awarded Harvey temporary medical and disability benefits from the date of the industrial accident through September 26, 2019.

¶14 Harvey sought review, and the ALJ affirmed. Harvey then brought this special action under A.R.S. §§ 12-120.21(A)(2) and 23-951(A), and Ariz. R.P. Spec. Act. 10.

## DISCUSSION

¶15 Though we review legal conclusions de novo, we defer to the ALJ's factual findings. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). "Our duty on review is to determine whether the Commission's award is supported by reasonable evidence." *Borsch v. Indus. Comm'n*, 127 Ariz. 303, 306 (1980). "We will not set aside an award unless it cannot be supported by any reasonable theory of the evidence." *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006). We defer to the ALJ's assessment of witness credibility, and to his or her resolution of conflicts in the evidence and inferences therefrom. *Royal Globe Ins. Co. v. Indus.*

---

[1] The decision stated that Harvey's "left upper extremity" was impaired. There is no dispute, however, that the impairment related to Harvey's right shoulder.

*Comm'n*, 20 Ariz. App. 432, 434 (1973). We will not disturb the ALJ's resolution of conflicting medical evidence unless that resolution is "wholly unreasonable." *Gamez*, 213 Ariz. at 316, ¶ 15 (citation omitted).

**¶16**     Reasonable evidence supports the award here. The ALJ reasonably resolved the conflict between Dr. Behrend's and Dr. Maxwell's medical opinions in favor of Dr. Maxwell. Dr. Maxwell was a qualified medical expert who reviewed Harvey's medical records and personally examined her before opining that her back complaints were not related to the industrial accident. It was not unreasonable, much less "wholly unreasonable," for the ALJ to adopt Dr. Maxwell's opinion.

**¶17**     Harvey challenges Dr. Zoltan's exclusion from the hearings. But Harvey did not request that Dr. Zoltan be subpoenaed before the first scheduled hearing as required under A.A.C. R20-5-141(A)(2), and she did not object when opposing counsel withdrew ATA and Technology Insurance's subpoena. Further, even if Harvey had properly requested a subpoena for Dr. Zoltan, the ALJ had discretion to deny the request as redundant—Dr. Zoltan agreed with Dr. Paterson and Harvey's assessment of her shoulder condition, and he agreed with Dr. Maxwell's assessment of her back condition. *See, e.g.*, *Travelers Ins. Co. v. Indus. Comm'n*, 18 Ariz. App. 28, 30 (1972) ("[T]he Industrial Commission is vested with the sound discretion to regulate and control the witnesses appearing before it" so long as no party is prejudiced.).

**¶18**     Harvey also contends that "due to Covid 19 restrictions . . . my case and hearing was not handled in the proper manner." She complains that the ALJ "took it upon himself to question witness Dr. Behrend, and not Dr. Maxwell." We perceive no irregularity in the hearings or the ALJ's conduct.

## CONCLUSION

**¶19**     We affirm for the reasons set forth above. Under A.R.S. § 12-341, ATA and Technology Insurance are entitled to recover their costs on appeal upon compliance with ARCAP 21.

